NOAH W. BRADLEY *v.* JOHN F. PRATT.

*Presumption in favor of decisions of county court. Liability of infant for board. Infant's liability on a note given for necessaries. Interest.*

All reasonable presumptions will be made, in the supreme court, in favor of the regularity of the proceedings and decisions of the county court.

The board of an infant is included among the necessaries, for which he may pledge his credit.

The defendant, an infant, was indebted to one B. for board, and B. was indebted to the plaintiff, and for the convenience of the parties B. drew an order upon the defendant, authorizing him to pay the amount of the board to the plaintiff, which order the plaintiff received, and the defendant agreed to pay it ; and, soon after, by consent of the parties, the order was surrendered; and the defendant executed to the plaintiff a promissory note for the amount of the board; and, upon an issue tried by the county court, the court found, that the board of the defendant was the sole consideration for the note; and it was held, that this finding was fully warranted by the facts.

An infant should be enabled to pledge his credit for necessaries to any extent, consistent with his perfect safety; and there is no reason, why any express contract should not be binding upon him, when it is shown to have been given for necessaries, and the price to have been reasonable, if it be one, where the consideration may be inquired into.

The defendant, an infant, was indebted to one B. for board for twenty weeks, at $2,50 *per* week,—which was a reasonable price. B. was indebted to the plaintiff, and the defendant, at the request of B., executed to the plaintiff a promissory note for $50,00, for which the board formed the sole consideration. This note was negotiable, but was never negotiated, and a suit was commenced upon it by the plaintiff to recover the amount. And it was held, that

Bradley *v.* Pratt.

the consideration of the note was open to inquiry, and that, upon the facts found, the defendant was liable to the plaintiff for the full amount of the note, with interest.

There is no general rule, exempting an infant from the payment of interest; and the case of *Taft* v. *Pike*, 14 Vt. 405, in this respect, is overruled.

Assumpsit upon a promissory note, dated October 5, 1846, and made payable to the plaintiff, or order, on demand. Pleas, the general issue, and infancy. Replication to the plea of infancy, that the note was given for necessaries; and issue was joined. Trial by the court, September Adjourned Term, 1849,—KELLOGG, J., presiding.

On trial the plaintiff gave in evidence the note declared upon, and also gave in evidence two depositions of Legrand Bradley, and the defendant gave in evidence the deposition of John Pratt. This was all the evidence given upon either side. The note was not expressed, upon its face, to be made payable with interest. The defendant insisted, that Legrand Bradley was interested in the event of the suit, and that this appeared from his depositions, and that they ought not to be regarded as evidence in the case; but the court did not find that he was interested, and therefore overruled the objection.*

---

* The depositions of Legrand Bradley were not expressly referred to in the bill of exceptions, as part of the case; but for the better understanding the argument of counsel and the opinion of the court, they are here copied.

"I, Legrand Bradley, of, &c., depose and say, that the note hereto annexed, 'marked A, was executed by John F. Pratt in my presence; that the signature 'to said note is in the hand writing of said Pratt; that said note was given in 'consideration of board and lodging furnished to the said Pratt. Said board and 'lodging was furnished said Pratt at my house, in the town of Hamden in this 'state, [Connecticut.] He, Pratt, boarded with me twenty one weeks; the 'price agreed upon between us was $2,50 a week; we did his washing also. 'Just before said Pratt left my house, and while I was furnishing him with board, 'I gave my son, Noah W. Bradley, the plaintiff, an order on him for $50,00, 'which was the amount then due me for Pratt's board; he had then been board- 'ing at my house twenty weeks; he stayed a short time after that, and paid me 'in cash for his board during the time after this order was given. This order 'Pratt accepted in writing. On the day Pratt left my house he took up this ac- 'cepted order in my presence and gave the said note in its stead. Pratt always 'represented himself to me as being legally qualified to fulfill all his contracts. 'He was doing business by himself. I never heard of his pretending at that time 'to be under age; he often said he was his own man. He now lives in Collins- 'ville, in this state, and more than thirty miles from this place. I have no inter- 'est whatever in this suit."

From the evidence in the case the court found the following facts. The defendant, during his minority, boarded with Legrand Bradley twenty weeks, at the price of two dollars and fifty cents *per* week, amounting in all to the sum of $50,00; and the price charged for the board was a reasonable price. Legrand Bradley was indebted to the plaintiff, and for the convenience of the parties he drew an order on the defendant, authorizing him to pay the amount of the board to the plaintiff, which order the plaintiff received, and the defendant agreed to pay it. Soon after this, by consent of the parties, the order was surrendered, and the defendant gave to the plaintiff, at the request of Legrand Bradley, the note declared upon. The note was given for the exact amount of the board; and the board of the defendant was the sole consideration of the note. The defendant, at the time of the execution of the note, was a minor. The note was negotiable, but was never negotiated.

Upon these facts the county court rendered judgment for the plaintiff, for the amount of the note, principal and interest. Exceptions by defendant.

*Tracy, Converse & Barrett* and *W. Currier* for defendant.

1. Legrand Bradley was interested. On the transaction as detailed in the bill of exceptions, and proved, if at all, by his testimony, if the note is not sustainable against the defendant, than he is the loser, for it would not operate as payment of his debt to the plaintiff. *Torrey* v. *Baxter,* 13 Vt. 452. And he is bound to indemnify the plaintiff against costs; for the case shows, that he is assenting to the prosecution of the suit.

2. The court have found facts, without evidence tending to prove them. The question, as to what the consideration of the note really was, is to be deduced, as a legal result, from the facts proved.

The second deposition was in these words :—

" I, Legrand Bradley, of, &c., depose and say, that the board and washing, ' which I furnished to John F. Pratt, and for which he gave my son, Noah W. ' Bradley, his note of hand, on which a suit is now pending for review before the ' county court for Windsor county in the state of Vermont, was fairly worth ' $2,50 per week, the price which I charged him, and which he agreed to pay. ' It was my regular price, which I then had for boarding other workmen from the ' same shop, where said Pratt worked.''

The deposition of John Pratt proved, that the defendant was nineteen years of age at the time the note was executed.

3. The consideration of the note was the surrendering the acceptance of the order. The consideration of the acceptance was the board. Now it is quite clear, that the defendant's *acceptance* could not be enforced against him, even for necessaries. Chit. on Bills 23. 1 Camp. 552 and note. 2 Kent 235. Nor can the note given in discharge of that acceptance be enforced. The note was not given for the board, even, much less for necessaries, and so is voidable under the widest latitude of principle and precedent.

4. But if the consideration of the note were necessaries, it is void,—at least voidable. Story on Prom. Notes 85. 2 Kent 235. 10 Johns. 33. *Williams* v. *Watts*, 1 Camp. 552. *McCrillis* v. *How*, 3 N. H. 348. The note is to be taken as avoided by the maker, unless it is ratified after becoming of age. Chit. on Bills 23. *Reed* v. *Bachelder*, 1 Met. 559. *Goodsell* v. *Myers*, 3 Wend. 479. The case of *Earle* v. *Reed*, 10 Met. 387, is opposed to the current of authorities. An infant is never bound by his express contract. The obligation that binds him rests solely upon the implied contract, resulting from his being furnished with necessaries. Reeve's Dom. Rel. 230. As the plaintiff did not furnish the board, there is no implied contract with him.

5. But the case does not show, that the note was given for necessaries. It shows, merely, that it was given for board;—whether necessaries, or not, is a question of fact, to be determined under the circumstances. 3 Steph. N. P. 2053. And if the plaintiff reply necessaries, he must prove the fact. Ib. 2056. *Ford* v. *Fothergill*, 1 Esp. R. 211. There was no proof, nor is there any finding, that the board was necessary.

6. But if the board were necessary, the fact is only available to the party who furnished it. *Bent* v. *Manning*, 10 Vt. 225. Reeve's Dom. Rel. 230. *Darby* v. *Boucher*, 1 Salk. 279. *Earle* v. *Peale*, Ib. 387. 2 Esp. R. 472.

7. An infant is not chargeable with interest, or on a security bearing interest. *Fisher* v. *Mowbray*, 8 East 330. *Taft* v. *Pike*, 14 Vt. 405.

*Washburn & Marsh* for plaintiff.

An infant is liable upon a negotiable promissory note, not negotiated, given for necessaries, to the extent of their fair value; and

that, in this case, is to the extent for which the note was made payable. *Earle* v. *Reed*, 10 Met. 387. 2 Dane's Abr. 365. Bing. on Inf. 89. *Stone* v. *Dennison*, 13 Pick. 1. Reeve's Dom. Rel. 231. And in this state the consideration, for which a promissory note was given, is always open to inquiry, as between the parties to the note. If there have been an entire want or failure of consideration, the note may be avoided. And if there have been a partial want of consideration, and the amount to be deducted rest in computation merely, the defence may prevail *pro tanto*. In this case the note was for twenty weeks' board, at $2,50 per week. If the court had found, that $2,00 was a reasonable price, it would have been but matter of computation to deduct from the face of the note, as of its date, fifty cents for each week, being $10,00 in all, and then judgment would have been rendered for the residue.

The opinion of the court was delivered by

REDFIELD, J. The question of the interest of Legrand Bradley is not so stated in the bill of exceptions, as to enable us to understand the assumed facts, upon which the court did decide it. There is no finding expressly of all the facts testified to. The depositions are not in terms referred to, as containing the facts found in the case. And the bill of exceptions professing, as it does, to state the facts found by the court, and no reference being made to the depositions for any other facts, it is impossible for us to say, that the court found other facts, than those detailed. *Expressio unius est exclusio alterius.*

But if we compare the facts stated on the face of the bill of exceptions with those detailed in the depositions, it will not enable us to find with any more certainty the precise facts, upon which this question of interest was decided. In order to make Legrand Bradley interested, in legal contemplation, it must appear, that the money, when recovered of the defendant, will go to him, or to pay his debt, and that, if not recovered, he will still be holden for the debt, or that he is bound to indemnify the plaintiff in regard to costs and expenses of this suit.

His deposition does not state, that he owes any debt to the plaintiff, or that he is bound to indemnify the plaintiff in regard to costs or expenses of the suit. One might naturally enough believe the

latter fact, if sitting to try the facts; but that is no where found, or testified to by any witness. ' The court have found, that Legrand Bradley owed the plaintiff a debt; otherwise one might naturally enough have conjectured, that the plaintiff was a mere trustee for the original creditor of the defendant. But notwithstanding the plaintiff had a debt against Legrand Bradley, he might be willing to take this note in payment of that debt, and run the risk of collecting it. And as the county court found the debt from Legrand Bradley to the plaintiff without any express testimony, by way of inference merely, and yet found, that he was not interested, being bound to make all reasonable presumptions in favor of the decisions below, we very naturally conclude, that, as it was quite consistent with the testimony, the county court also concluded, or inferred from the deposition of Legrand Bradley, that the plaintiff did take the defendant's note in payment of his debt against Legrand Bradley, to that amount, at his own risk. Looking merely at the deposition of Legrand Bradley, and taking it all equally for literal fact, I might conjecture, that the ground, upon which he was not interested in the case, was, that he had literally given the note to his son, and he had undertaken to collect it at his own risk. Or, if left altogether to my own conjectures, I might suspect, even, that this suit was wholly Legrand Bradley's. But it is evident, that the county court really took the view we have before indicated.

In regard to the other points in the case, we think,—1. That it does, by reasonable intendment, appear, that the board, under the circumstances, was necessaries. This is undoubtedly matter of fact. But if the parent, or guardian, of an infant do not supply the infant with such indispensable necessaries as food and clothing, without which he must perish, he has no alternative but to pledge his own credit, or become a pauper; for he cannot, according to the more recent and better considered cases, compel the father to afford support, except by a proceeding under the statute, which is to be instituted by the public authorities. There is certainly nothing in the present case to raise any doubt, that the board was strictly necessaries.

2. It seems to us too much of a refinement, for common minds, to argue, that the board was not the real consideration for the note.

3. In regard to the general question of the defendant's liability,

we do not think it easy to reconcile all the cases to any one rule. It was once held, as clear law, that an infant was not liable upon a promissory note given for necessaries, or upon an account stated. *Trueman* v. *Hurst*, 1 T. R. 40, decides, that an action upon an account stated will not lie against an infant, even for necessaries; and the reporter understands this same case as virtually holding, that the infant is liable on his promissory note for necessaries, (see the index,) which it seems to me makes the decision inconsistent with itself. For what is a promissory note, between the original parties, but an account stated? I should understand this same case as deciding, that the action will lie upon neither a promissory note, nor an account stated, and that the party finally went *upon the* common counts in his declaration. *Swasey* v. *Vanderhayden*, 10 Johns. 33, expressly decides this. The great weight of authority goes in favor of this proposition, not only the elementary writers, but very many adjudged cases. But see 2 Dane's Abr., *infra*.

But Judge Story, in his treatise on promissory notes, after stating this in general terms, raises a query in a note, how far this holds in regard to necessaries. And by referring to the books, which he cites, it is evident he considered the question an open one. In Com. Dig., Tit. *Infant*, B, 5, it is laid down, *totidem verbis*, that an infant is liable upon a single bill, or an *insimul computasset*,—which is, in my judgment, equivalent to saying, that he is liable upon a promissory note. In 2 Dane's Abr. 365 it is said, the infant is liable upon a security for necessaries, the consideration of which may be inquired into :—hence by a note before negotiated, or after dishonored, or not negotiable,—citing Cro. Jac. 106, B. N. P. 126, 1 D. & E. 40, *supra*. The same rule is recognized in *Stone* v. *Dennison*, 13 Pick. 1, and expressly decided, upon great consideration, in *Earle* v. *Reed*, 10 Met. 387.

We may, then, we think, regard the question as still *in dubio*, and justifying the court in treating it as still an open question. And being so, we should desire to put it upon safe and consistent ground. We are led, then, to inquire, what is the true principle lying at the foundation of all these inquiries.

We think it is, that the infant should be enabled to pledge his credit for necessaries to any extent, consistent with his perfect safety. All the cases and all the elementary writers expressly hold,

Bradley *v.* Pratt.

that it is for the benefit of the infant, that he should be able to contract for necessaries; and we see no reason, why he may not be allowed to contract in the ordinary modes of contracting, so far as his perfect safety is maintained always. He must of necessity make many express contracts in regard to necessaries, where he provides for himself. He must designate the kind of supply, the quantity, and will of necessity stipulate, generally, as to the price and mode of payment, and his admissions and declarations may always be shown, as well in regard to contracts, as torts, I take it. It was certainly so held, many years since, in the county of Bennington, by this court, *ut audivi.* If, then, these admissions and stipulations are to go in as evidence before the triers of facts, although not in any sense conclusive, I do not well comprehend, why, upon principles, any express contract may not be said to be binding upon him, when it is shown to have been given for necessaries and the price to have been reasonable, if it be one, where the consideration may be inquired into. Comyn says, *ubi supra,* " so a contract to pay so much *per annum* for his diet and schooling is good,"—citing 1 Roll. 729 *b,* 35. And if so, why not upon a promissory note, or account stated ? I see no good reason.

And if it were not for maintaining the unimpeachable character of negotiable paper, in regard to consideration, so that all might safely take it, I do not see, why the rights of infants, in regard to acceptances and notes negotiated, might not be saved by allowing them, as an exception to the general rule, to show their infancy, and then for the plaintiff to meet it by proving the contract to have been given for necessaries. But this has not been done, and probably could not be done, without too great an infringement of the rules of law in regard to negotiable paper, while current. And as confessedly the infant may *prima facie* avoid his note, or bill, by merely showing the fact of his infancy at the time of making the contract, what is the impropriety in allowing the plaintiff to recover in all such cases, by showing the consideration to be for necessaries.

But so long as the contract remains in a form to be open to all defences, we see no reason whatever, why the party should be driven out of court upon mere form. The case of *Conn* v. *Coburn,* 7 N. H. 368, where it was held, that an infant was liable to one who signed a note with him, as surety, given for necessaries, who had

xxiii. 49

paid the money, goes to that extent, we think. Here the plaintiff has, at the defendant's request, paid Legrand Bradley for necessaries for the defendant, and agreed to look solely to the defendant. And if in such a case the law implies a promise on the part of the infant to indemnify his surety, and the cause of action arises, when the surety pays the money, how does the case differ from the present, except that the defendant has executed a promissory note to his surety? Upon the view taken of this case in the county court, it seems to us identical with that of *Conn* v. *Coburn*. We see no good reason to distinguish between this case and that of a promissory note given to the party providing the necessaries. It is equally open to examination as to the consideration.

The chief reason, perhaps, why an infant is not liable *at law*, and is liable *in equity*, for money borrowed, and which is actually expended for necessaries, is the want of privity between the lender and the one who furnishes the necessaries. If one buy necessaries for an infant with money, or if, at the request of the infant, he pay for those already furnished, the infant is liable, I apprehend. That privity is here established. It is difficult to perceive, why, if an infant is liable on a single bill, which is a bond without penalty, given for necessaries, he should not be equally so on a promissory note, or an account stated.

In regard to interest, it seems to us, upon principle, if the infant is not to be held liable for interest, the price should be proportionably increased,—which is the same thing. It is incomprehensible, how, if one, for board, deserves to have $2,50 *per* week in hand, if the payment be delayed for years, the same sum is to meet the obligation. One might as well hold, that a merchant should furnish goods to infants at *cost*, without freight even. The rule has no force, when carried to that absurd length.

Lord ELLENBOROUGH says, in *Fisher* v. *Mowbray*, 8 East 330, "For which [interest] an infant cannot give a security." It is certain, that the English courts do not expend so much of their ingenuity in devising modes of accumulating interest, as the American courts, through the cupidity of suitors, are compelled to do. Interest on an account is seldom reckoned there, except for unreasonable delay in payment,—which is generally referred to the jury, and which does not apply to the case of an infant, to whom *laches* are

not ordinarily imputable. But interest here is a part of the indebtedness, and is always payable on all debts over due. We think, therefore, that any general rule, exempting infants from interest, would be unjust.

The *dictum*, or decision, in *Taft* v. *Pike*, 14 Vt. 405, that interest will not be allowed on an account against an infant, is well enough in that case ; but the point was not made in argument then, and was not much considered, one would suppose, and no authority is cited, except *Fisher* v. *Mowbray*.

Judgment affirmed.