## RAY *v.* TUBBS.

*Conversion.    Note in Satisfaction of Tort.    Infancy as Defense.*

Defendant, an infant, hired a horse of plaintiff, agreeing not to drive it beyond G.; but soon brought it back, saying it was sick, and exchanged it for another, which he intended to drive to S., a place beyond G., but he said nothing to plaintiff about it, and plaintiff understood that he was not to drive it beyond G. Defendant drove it beyond G., and so overdrove it that it died. *Held*, that defendant took the second horse subject to the same conditions as to the distance he should drive it, that he took the first one; and that by driving it beyond G , he rendered himself liable in tort for the damage resulting therefrom.

In satisfaction of the damage so resulting, defendant, being still under age, gave plaintiff his promissory note, upon which, after defendant became of age, plaintiff brought suit, to which defendant pleaded infancy. *Held*, that defendant was liable upon the note to the same extent that he would have been in an action on the cause that formed its consideration, and that his infancy was no defense.

ASSUMPSIT on a promissory note. The case was referred, and the referee reported substantially as follows:

A short time before October 26, 1872, the defendant, a resident of New York, being on a visit in and about Guilford, hired a horse of the plaintiff, who was keeper of a livery stable in Brattleboro, agreeing not to drive it beyond Greenfield, Massachusetts.

On Saturday, October 26, the defendant returned the horse to the plaintiff, for the reason, as he alleged, that it was sick, and exchanged it for another horse with which to finish his visits. The plaintiff testified that the defendant then expressly agreed that he would not drive the horse that he then took farther than Greenfield ; but the defendant denied that anything was said as to where he was to go with the horse.   I find, however, that the plaintiff understood at the time the horses were exchanged, that the second horse was not to be driven farther than Greenfield ; and that although the defendant at the time intended to drive the horse to Springfield, Massachusetts, he did not so inform the plaintiff.   It appeared that in that fall a disease called epizooty prevailed among horses at Brattleboro, and in other parts of the country ; but precisely when it commenced in Brattleboro did not appear.   The defendant took the horse with a covered carriage from the plaintiff's stable in the afternoon and drove to Greenfield, the horse being at the time it left the stable, apparently in good health and condition, but coughing and appearing not quite well after leaving Brattleboro, as the defendant knew.   It did not appear whether the horse was driven on Sunday or not; but on Monday or Tuesday following, between six and seven o'clock in the morning, the horse still coughing some and not eating well, as the defendant knew, the defendant and a lady started with the horse and carriage for Springfield, and drove to Northampton, a distance of thirty-two miles, without stopping, except twice to water the horse, arriving at the latter place about one o'clock in the afternoon.   The horse was there fed, but did not eat, and continued to appear ill, so much so that after remaining about two hours, defendant concluded not to go to Springfield, and returned homeward, arriving at South Deerfield between five and six o'clock in the evening, having driven a distance of twelve miles from Northampton.   There defendant stopped for the night, being unable to drive the horse farther, the horse appearing very tired, having sweat a good deal, and lying down as soon as unharnessed. The horse was put into the barn at the hotel, and well cared for by defendant and others, but died in the evening of the next day. From the evidence as to the condition of the horse, the distance driven, and the state of the roads at the time, I find that the horse was overdriven by defendant, and died from the effects thereof. Defendant at once informed plaintiff of the illness of the horse, and on November 2, called at the plaintiff's office.   Plaintiff then claimed that defendant had overdriven the horse, and by so doing killed it, and that he ought to pay its full value, which I find to have been $250 at the time it left plaintiff's stable.   Defendant

Ray *v.* Tubbs.

insisted that he had not overdriven the horse, and was not at fault. Plaintiff offered to settle with defendant for $125, and to take his note for that sum. Defendant objected to giving his note, because he was at the time under the age of twenty-one years, so that his note would be good for nothing, although he was willing to pay $25 towards the expense of getting the carriage home, and other expenses. But he finally gave the plaintiff his note of that date, on demand, for $125, in full satisfaction for the loss of the horse. In support of the plea of infancy, defendant testified that he was born on August 12, 1852; and an uncle and a sister of defendant's testified to the same fact, and that was all the testimony offered on that point. If that was competent evidence in support of the plea of infancy, I find that at the time the defendant hired the horse, and at the time he gave his note, he was under the age of twenty-one years; otherwise, infancy was not proved. The writ was served on January 15, 1876, by arresting defendant's body.

The plaintiff offered testimony to show that defendant, at the time of his arrest and while in the custody of the officer, ratified and confirmed the note by offering to turn out personal property to plaintiff, and by attempting to raise money with which to pay the note and interest, and the cost of suit; to which defendant objected, on the ground that it was not admissible to prove offers to pay, or acts or sayings on the part of the defendant while under arrest, regarding a settlement. But the evidence was received subject to the objection, and I find therefrom that defendant, while under arrest, caused a telegram to be sent to his employer in New York, requesting $150 to be sent him, with which to pay the note with interest and cost of suit.

If the evidence was inadmissible, I find that defendant never ratified nor confirmed the note in express terms, unless a letter that he wrote to plaintiff, July 4, 1873, before he became twenty-one years old, is in law a confirmation. The letter was as follows:

263 WEST NINETEENTH ST., NEW YORK, }
July 4th, 1873. }

MR. RAY—*Sir:* As I am about leaving New York, thought I would write you a few lines in regard to that horse business, which, I am sorry to say, I am unable to pay—at present at least.

Right is right: but I don't think it is right for me to pay $125, and I don't believe you think so. I know you *had* the advantage of me, and suppose you have *now;* but I have a proposition to make, and hope you will answer, whatever you may think of it. If you will give that *note* to some *person* whose name I will *give next time,* I will send you $25, which will, as you know, more than pay all expenses ; and Mr. Ray, I don't

believe you can *find a man* who is acquainted with the circumstances that won't say that is all that is fair.

Hope you will at least answer and say what you think of it, as I shan't be here long, and would like to have it settled before I go, if possible.

Respectfully, GENE H. TUBBS.

The amount due on the note to March 8, 1877, is $158.25.

The court, at the March Term, 1877, BARRETT, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for the amount of the note and interest; to which the defendant excepted.

*H. Haskins* and *E. W. Stoddard*, for the defendant.

The testimony on which the referee found the fact of infancy was admissible. 2 Greenl. Ev. s. 363; 2 Stark. Ev. 723; 3 Bl. Com. 332.

The contract was voidable, and the plaintiff cannot recover, unless it was ratified by defendant by an express promise, or by some positive act done within a reasonable time after he became of age. 2 Greenl. Ev. ss. 364, 367, and n.; 1 Parsons Cont. 243–4; *Abell* v. *Warren*, 4 Vt. 149; *Morrill* v. *Aden*, 19 Vt. 505; *Wiser and Wife* v. *Lockwood's Est.* 42 Vt. 720; *Hale* v. *Gerrish*, 8 N. H. 374; *Hoit* v. *Underhill*, 9 N. H. 436; *Aldrich* v. *Grimes*, 10 N. H. 194; *Tibbets* v. *Gerrish*, 25 N. H. 41; *N. H. Ins. Co.* v. *Noyes*, 32 N. H. 345.

The testimony as to what occurred on the occasion of defendant's arrest, and while he was in the custody of the officer, and as to what he did tending to show a ratification of the note, was clearly inadmissible. 1 Am. Lead. Cas. 258; *Merriam* v. *Wilkins*, 6 N. H. 432; *Hale* v. *Garrish*, 8 N. H. 374; *Ford* v. *Phillips*, 1 Pick. 202; *Goodrich* v. *Ross*, 6 Met. 487; *Everson* v. *Carpenter*, 17 Wend. 419; *Curtin* v. *Patten*, 2 M. & S. 305; *Whitney* v. *Dutch*, 14 Mass. 457.

The letter was not a ratification, as the defendant was not of age. Bingh. Inf. 63; *Price* v. *Furman*, 27 Vt. 268; *Shipman* v. *Horton*, 17 Conn. 481; *Willis* v. *Twombly*, 13 Mass. 204. The offer of $25 was a conditional offer, not accepted nor fulfilled by plaintiff, and would not have been binding on defendant even if he had been of full age at the time he made it. *Everson* v. *Carpenter*, 17 Wend. 419.

It may be claimed, however, that though defendant be not liable on the note, yet that plaintiff should have judgment—that the original cause of action having been a tort, defendant has no right to complain if plaintiff waives the tort and sues in assumpsit. But to recover in assumpsit, plaintiff would have to declare specially, setting forth the contract and the breach thereof. In one case the damages would be the amount of the note and interest; in the other, the value of the horse. The court would not have permitted plaintiff so to amend his declaration as to have covered the larger sum, as that would have changed the cause of action. *Bowman* v. *Stowell*, 21 Vt. 309; *Dana* v. *McClure*, 39 Vt. 197; *Lewis* v. *Locke*, 41 Vt. 11; *Dewey & Co.* v. *Nicholas*, 44 Vt. 24.

. The defendant is not liable in any form of action. The controversy has grown out of a contract, for the breach of which an infant cannot be held liable unless he commit some tort wholly outside of and not connected with the contract. *West* v. *Moore*, 14 Vt. 447; *Elwell* v. *Martin*, 32 Vt. 217; *Gilson* v. *Spear*, 38 Vt. 311; *Doran* v. *Smith*, 49 Vt. 353, and note thereon in 17 Am. Law Reg. N. s. 44; *Easton* v. *Hill*, 50 N. H. 235; *Vasse* v. *Smith*, 1 Am. Lead. Cas. 237, 246, and n.

There was no conversion of the horse. *Towne* v. *Wiley*, 23 Vt. 355. But if there was a tort, it was merged in the note. *Hutchins* v. *Olcutt*, 4 Vt. 549; *Follett* v. *Steele*, 16 Vt. 30; *Farr* v. *Stevens*, 26 Vt. 299; *Stephens* v. *Thompson*, 28 Vt. 77; *Dickinson* v. *King*, 28 Vt. 378; *Wait* v. *Brewster*, 31 Vt. 516; *Robinson* v. *Hurlburt*, 34 Vt. 115; *Walker* v. *Davis*, 1 Gray, 506.

*Davenport & Eddy* and *Field & Tyler*, for the plaintiff.

First, what would have been defendant's liability if the note had not been given? Minors are liable for their torts, and must respond in damages, in all cases arising *ex delicto*, to the extent of their pecuniary means. Schoul. Dom. Rel. 563; *West* v. *Moore*, 14 Vt. 447; *Greene* v. *Sperry*, 16 Vt. 390; *Morrill* v. *Aden*, 19 Vt. 505; *Towne* v. *Wiley*, 23 Vt. 355; *Baxter* v. *Bush*, 29 Vt. 465; *Elwell* v. *Martin & Tr.* 32 Vt. 217; *Gilson* v. *Spear*, 38 Vt. 311; *Doran* v. *Smith*, 49 Vt. 353. But while an infant is liable for a tort, he is not liable for a breach of his contract,

Ray v. Tubbs.

though in breaking it he may have been guilty of what would be a fraud in one of full age. Nor does his liability depend upon the form of action. His immunity depends upon his acts, not upon the form of the plaintiff's declaration. 2 Greenl. Ev. s. 368 ; Reeve Dom. Rel. 246 ; *Elwell* v. *Martin*, 32 Vt. 217 ; *Bristow* v. *Eastman*, 1 Esp. 172 ; Schoul. Dom. Rel. 565, 6 ; *Shaw* v. *Coffin*, 58 Me.

But if the note had not been given, plaintiff would have been entitled to $250. The accord, however, was binding upon him. The defendant entered into a contract that was obviously beneficial, and he should be compelled to perform it. There are old cases that hold that an infant's note, bill or bond is void, and that no action can be maintained upon them ; but such is not the law now. An infant's note, like most of his other contracts, is voidable, not void. The principle is, that infants are to be judicially protected. Such contracts as are clearly for their advantage, the law allows them to make and compels them to perform. Such are neither void nor voidable, but binding *ab initio ;* and none the less so because in the form of a note or bill. Schoul. Dom. Rel. 547, *et seq. ; Bradley* v. *Pratt*, 23 Vt. 378 ; *Stone* v. *Dennison*, 13 Pick, 1 ; *Earle* v. *Reed*, 10 Met. 387 ; *Conn.* v. *Coburn*, 7 N. H. 368 ; *Elwell* v. *Martin*, 32 Vt. 217.

The referee finds that defendant ratified and confirmed the note in January, 1876, after the writ was served, if the evidence on that point was properly admitted. No exceptions were taken in the County Court to the admission of that evidence ; and the case stands on his finding. The defendant's contract was obligatory from the beginning; or if not, it was certainly not a void contract, but voidable merely. If voidable, it was capable of being ratified after majority. Whether defendant did ratify it, was a question of fact for the referee, and he has found that fact.

The opinion of the court was delivered by

ROYCE, J. The referee has found that when the defendant hired the first horse of the plaintiff, it was understood and agreed between the parties that the horse should not be driven any further from Brattleboro than Greenfield, and that the horse he first

hired was exchanged for the one that subsequently died, for the reason as given by the defendant that the horse he first hired was sick.

The referee has not found expressly that there was any agreement made between the parties upon the occasion of the defendant's taking the second horse, as to where, and how far, he was to have the right to drive him. But we think that the fair and legitimate inference is, from what is found, that the defendant took the second horse subject to the same conditions as to the distance he was to have the right to drive him that he did the first; and hence, that when he drove the horse beyond Greenfield, it terminated the contract of bailment, and rendered the defendant liable in tort for any damage that might result to the horse in consequence of his driving him beyond Greenfield. It was so held in *Green* v. *Sperry*, 16 Vt. 390; and *Towne* v. *Wiley*, 23 Vt. 355.

The referee has found that the horse was overdriven, and died from the effects of such overdriving. The overdriving, which produced his death, was upon a route not embraced in the contract of bailment; and upon the authority of the cases cited, the defendant was liable in an action of tort, notwithstanding his infancy, for his value.

The note upon which this action is predicated was given in settlement of the claim for which the defendant was so liable. It is now claimed that the tort was merged in the note, and that no recovery can be had upon the note, under the elementary rule, that the notes of an infant are voidable.

The rule of the common law was, that the note of an infant given for necessaries was voidable. But in *Bradley* v. *Pratt*, 23 Vt. 378, the court held that the note of an infant given for necessaries was binding; and that the liability of an infant did not depend upon the form of action, but upon the consideration upon which the claim is based. This seems to us to be a reasonable rule; and that in its application, the infant is not deprived of any right which it is the object of the law to accord to him. An infant, under certain circumstances, may pledge his credit for necessaries: and if his promise to pay for such necessaries is evidenced by his note, the note is collectible. The law makes

him liable for his torts; and where he elects to settle such liability by giving his note, as long as the consideration for the note is open to inquiry, we see no reason why he should not be held liable in an action upon the note, to the same extent that he would be if the action had been brought upon the cause of action which formed the consideration for the note. The note in suit having been given in settlement of a claim for which the defendant was liable, and no fraud nor imposition having been practiced in obtaining it, the plea of infancy is not available to defeat it.

Judgment affirmed.