# NORA KENNEDY, Respondent, v. F. H. PORTMAN and J. G. WOEMPNER, Appellants.

### St. Louis Court of Appeals, December 9, 1902.

1. **Warehouseman: CONTRACT.** In the case at bar, if the contract was to store the goods in one locality, and without the consent of plaintiff they were stored elsewhere and damaged or destroyed as a result of the failure of the defendants to perform their contract of bailment as it was made, a case for damages arose.

2. **Bailment: BAILEE: LIABILITY: ACTION: DAMAGE.** When a bailee is entrusted with goods for a particular purpose or to keep in a particular place, he is responsible for loss caused by using them for a different purpose or keeping them in a different place.

3. **Jury: INSTRUCTION: CONTRACT: EVIDENCE: PRACTICE, TRIAL.** In the case at bar, it should have been referred to the jury to say on the entire evidence whether there was an actual agreement or meeting of the minds of the parties in respect to where the goods were to be stored, or a misunderstanding between them as to that matter.

4. **Damages: EVIDENCE: REMITTITUR: NEW TRIAL.** Where, in an action to recover of a warehouseman for goods partly destroyed and partly injured by fire, there was no evidence as to the value of the goods destroyed, and the evidence was conflicting as to the damages to those injured, there is no basis on which to fix the amount which should be remitted from a verdict which largely exceeds any evidence as to the amount of damage to the injured property, and a new trial should be had.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED.

*Geo. W. Lubke, Jr.* for appellant.

(1) The copy or duplicate of the warehouse receipt offered in evidence was competent evidence because the destruction of the original having been proved it was the best secondary evidence of the contents of the original. Briggs v. Henderson, 49 Mo. 531; Conn

v. McCollough, 14 Mo. App. 584; Winfrey v. Gallatin, 72 Mo. App. 191. (2) Defendants' instruction that plaintiff could not recover, asked at the close of the evidence, should have been given, because the evidence fails to disclose a contract between the parties that the furniture in question should be stored at 2801 Cass avenue. There was no meeting of their minds or mutual assent on that proposition. Eads v. Carondelet, 42 Mo. 117; Brown v. Rice, 29 Mo. 322; Jones v. Williams, 139 Mo. 1; Mfg. Co. v. Broderick, 12 Mo. App. 578. (3) The first instruction given for the plaintiff is erroneous, because unsupported by the evidence. There was no evidence of the value of the part of plaintiff's goods destroyed by the fire. Gorham v. Railroad, 113 Mo. 408; Harrison v. White, 56 Mo. App. 175; Moore v. Hawk, 57 Mo. App. 495; McAtee v. Vanlandingham, 75 Mo. App. 45.

*Albert C. Davis* for respondent.

GOODE, J.—Nora Kennedy the plaintiff, through the agency of her daughter, Loretta, made a contract with the defendants in June, 1900, for the storage of certain household furniture, plaintiff being at the time in the city of New York.

This is an action to recover damages on account of the property being partly destroyed and partly injured by a fire while in storage, and the gravamen of the petition is that the defendants deviated from the contract of bailment by storing the property in a building at the rear of No. 1519 North Jefferson avenue, constructed of inflammable material and surrounded by frame stables instead of in a substantial brick building on the northwest corner of Twenty-eighth street and Cass avenue, designated as No. 2801 Cass avenue, in which building it is charged, the defendants had agreed to store the property. The petition gives 2800 as the number, but the evidence tends to prove a contract to store at 2801, on the opposite side of the street, and it may be that the

number in the petition is a mistake; at all events, no point is made about it.

Defendants had been in the warehouse business for about fifteen years and their warehouse and place of storage was located in the rear of Elliot avenue, Nos. 1514 to 1526; and that was the building in which plaintiff's goods were stored. Defendants never had a warehouse at either 2800 or 2801 Cass avenue, but did have an office in the latter building and sold furniture there. Their warehouse was a two-story brick building and so far as the testimony shows was according to the representations in regard to it except as to its location.

If the contract was to store the goods in one locality, and without the consent of the plaintiff they were stored elsewhere and damaged or destroyed as a result of the failure of the defendants to perform their contract of bailment as it was made, a case for damages arose; because when a bailee is entrusted with goods for a particular purpose or to keep in a particular place he is responsible for loss caused by using them for a different purpose or keeping them in a different place. Lilley v. Doubleday, L. R. 7 Q. B. 510.

Loretta Kennedy, who made the contract with Woempner, one of the defendants, and Emma Hayden, who testified that she was present when the contract was made, furnished all the evidence tending to prove it was a part of the contract that the property should be stored at No. 2801 Cass avenue, and although their testimony to establish that fact strikes our minds as of feeble probative force, we have concluded it was sufficient to go to the jury. They swore substantially that in the course of negotiations in regard to the contract of storage, Loretta Kennedy inquired of Woempner what the number of his warehouse was, as she wanted to take out insurance on the property, and he said, No. 2801 Cass avenue.

While we think there was evidence to go to the jury as to whether there was a contract to store at No. 2801 Cass avenue, as contended by the plaintiff, we must condemn an instruction given by the court as an

unjustifiable comment on the evidence of Loretta Kennedy. Said instruction is as follows:

"The court instructs the jury that if they believe and find from the evidence that on or about the 29th day of June, A. D. 1900, the plaintiff's daughter, L. M. Kennedy, representing plaintiff, had a conversation with the defendants, or either of them, about the storage of the plaintiff's goods by the defendants, and that the price for storing the same was agreed upon, and the defendants, or either of them, agreed to store said goods, and if the jury finds that in said conversation the defendants, or either of them, said that they would store the plaintiff's goods at 2801 Cass avenue, at the northwest corner of Twenty-eighth and Cass avenue, or that their warehouse was at 2801 Cass avenue on the northwest corner of Twenty-eighth and Cass avenue, then the court instructs you that there was a contract between plaintiff and the defendants to store said goods at 2801 Cass avenue, on the northwest corner of Twenty-eighth and Cass avenue."

That instruction follows the allegations of the petition rather than the evidence, in some of its expressions, because there was no evidence that Woempner said anything about the northwest corner of Twenty-eighth street and Cass avenue and the use of that language over-emphasized the effect of the testimony for the plaintiff. Nor was it proper to tell the jury that a statement of one of the defendants, in the course of a conversation, that his warehouse was No. 2801 Cass avenue, constituted a contract between plaintiff and defendants to store at that number. The case should have been referred to the jury to say on the entire evidence whether there was an actual agreement or meeting of the minds of the parties in respect to where the goods were to be stored, or a misunderstanding between them as to that matter.

The court gave an instruction as to the measure of damages which permitted the jury to award damages for the property totally destroyed as well as that which was injured, although there was no proof as to the value

of the destroyed property, and but slight proof of the amount of damage done to what was partially burned, but perhaps sufficient as to the latter item for the jury to weigh it.

In order to correct the error in submitting the question of damages sustained by the loss of the totally destroyed property when there was no evidence on the subject, the court ordered that the defendants' motion for new trial be sustained unless the plaintiff would remit all of the verdict but $217.35; the amount of the verdict being $460.

Repeated perusals of the testimony have failed to show any evidence by which the court could have arrived at what the jury found was the damage done to the partially burned property. Maybe by taking the testimony of the only witness who swore as to the amount of damage on behalf of the plaintiff, a conclusion might be reached; but the difficulty is, there was contradictory evidence as to the damage done on the part of the defendants, and it is impossible to say with certainty what weight the jury allowed to this contradictory testimony.

The error in the instruction on the measure of damages was one which, in the state of the evidence, a remittitur could not cure. The judgment must be reversed and the cause remanded. *Bland, P. J.,* and *Barclay, J.* concur.