<hr />

### CARLL v. GOLDBERG.

(Supreme Court, Appellate Term. May, 15, 1908.)

1. BAILMENT—BREACH OF CONTRACT BY BAILEE—DAMAGES—MEASURE.

Where plaintiff delivered to defendant an overcoat to be cleaned and returned at a certain time, which was not returned at that time, and after the time for its return the coat was stolen from defendant's store, though there was no evidence that it was stolen by defendant's negligence, plaintiff may recover, in an action for defendant's breach of contract in failing to return the coat, the value of the coat.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, § 133.]

2. SAME—EXCESSIVE DAMAGES.

In an action for the breach of defendant's agreement to return a coat in a certain time, which was left with defendant to be cleaned, and which was stolen from him, the coat having originally cost $45 and having been worn one or two years, but being in good condition when delivered to defendant, a judgment for $40 was excessive; $30 being the proper amount.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by David Carll against Joseph M. Goldberg. From a judgment for plaintiff, defendant appeals. Judgment reversed, unless plaintiff agrees to accept reduced amount, in which event it will be affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Tobias A. Keppler, for appellant.
Robert F. Randall, for respondent.

PER CURIAM. Plaintiff delivered on November 30, 1907, an overcoat to defendant, a tailor, to be cleaned and repaired, and to be returned to plaintiff at 6 p. m. on December 2, 1907. It was not returned, and at midnight on said December 2, 1907, the defendant's place was entered by burglars and said coat was stolen. Plaintiff sued for "breach of contract," and recovered a judgment for $40, the supposed value of the coat, together with costs. Defendant appeals.

There is no evidence of negligence on defendant's part, so far as

the burglary is concerned. The defendant, however, was guilty of a breach of contract in failing to return the coat to plaintiff at 6 p. m., and the resulting damage of such breach of contract was the loss of the overcoat. Defendant, in failing to deliver the coat at the time specified, ran his risk of something happening to it, and must bear the consequences. The amount of the damage allowed, however, was excessive, as the coat, which originally cost $45, was one that had been worn for one or two years, plaintiff does not know which, although it seems to have been in fairly good condition when delivered to defendant, according to plaintiff's evidence, which the court had a right to believe. See Young v. Leary, 135 N. Y. 569, 576, 577, 32 N. E. 607; Cohen v. Moshkowitz, 17 Misc. Rep. 389, 39 N. Y. Supp. 1084.

The judgment will be reversed, and a new trial granted, with costs to appellant to abide the event, unless plaintiff stipulates to reduce the amount of the damages from $40 to $30, with appropriate costs in the court below, in which case the judgment, as modified, will be affirmed, without costs of appeal to either party.

