### GRANT v. MILLER.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. BAILMENT ⊗⊃14(1)—CARE OF PROPERTY.

The bailee of a coat, delivered to him to repair, was required to use reasonable care and caution to safely keep it.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45-48, 52-55; Dec. Dig. ⊗⊃14(1).]

2. BAILMENT ⊗⊃14(1)—CARE OF PROPERTY—LIABILITY FOR LOSS.

One receiving a coat to repair and expressing an opinion as to the date on which the repair would be completed, which time had been extended with the bailor's acquiescence to an indefinite time in the future, and who exercised reasonable care for its safe-keeping, would not be liable for its loss by robbery, unless the bailor showed an agreement amounting to a contract insuring delivery on a certain date before the robbery.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45-48, 52-55; Dec. Dig. ⊗⊃14(1).]

3. BAILMENT ⊗⊃31(1)—LOSS—PRESUMPTION—NEGLIGENCE.

A presumption of negligence arose, where the bailee of a coat for repair refused to return it upon demand.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124, 125; Dec. Dig. ⊗⊃31(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Hannah Grant against Barney Miller. From a judgment in favor of the plaintiff, entered by direction of the court after a trial without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Max Rockmore, of New York City, for appellant.
Lawrence I. Gerber, of New York City, for respondent.

GUY, J. The action is brought to recover the value of a fur coat, delivered by plaintiff to defendant for repair, which defendant refused and neglected to return to plaintiff.

[1, 2] The answer denies negligence and sets up that defendant was deprived of possession of the coat by a robbery, without fault on the part of the defendant. On the trial defendant introduced proof fully

establishing the fact of the loss of the coat by robbery. No evidence was introduced by plaintiff disproving the robbery or showing any negligence on the part of the defendant; but plaintiff endeavored to meet this defense by proving that defendant had contracted to deliver the coat back to plaintiff, with the repairs thereon completed, on a date prior to the robbery, that he failed to perform such an agreement and was guilty of a breach before the robbery in failing to so deliver the coat back to plaintiff, and that, therefore, the subsequent loss of the coat through robbery cannot avail defendant as a defense herein, or relieve him from liability to the plaintiff.

The relationship existing between plaintiff and defendant was that of bailor and bailee. As bailee it was defendant's duty to use reasonable care and caution in safely keeping plaintiff's property. If defendant, as is admitted by plaintiff herein, did exercise such reasonable care and caution, and, without fault on his part, plaintiff's property was stolen, defendant would not be liable therefor unless plaintiff proved an agreement between plaintiff and defendant amounting to a contract of insurance of delivery by defendant to plaintiff of plaintiff's property on a certain date. There is no sufficient evidence herein of such an agreement, so as to bring the case within the principle laid down in Carll v. Goldberg, 59 Misc. Rep. 172, 110 N. Y. Supp. 318, and other cases cited by respondent. The evidence, at most, shows an expression of opinion on the part of the bailee as to the date on which the repairs to the coat would probably be completed, and an extension of such date, with an acquiescence on the part of the plaintiff, to an indefinite time in the future.

[3] Defendant's proof has fully overcome the presumption of negligence arising from his neglect and refusal to return plaintiff's property to plaintiff upon demand by his uncontradicted proof of loss of plaintiff's property by reason of a burglary, without fault on defendant's part. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467; Allen v. Fulton Motor Car Co., 71 Misc. Rep. 190, 128 N. Y. Supp. 419.

The judgment must therefore be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.