EMPIRE REFINERIES, Inc., v. GUARANTY TRUST CO. OF NEW YORK et al.[*]

(Circuit Court of Appeals, Eighth Circuit.    March 17, 1921.)

No. 5697.

1. **Commerce ⊚⟞89—Court, and not Interstate Commerce Commission, has jurisdiction of suit against railroad for breach of contract of bailment.**

   A claim against a railroad company for breach of a contract of bailment is not a matter within the jurisdiction of the Interstate Commerce Commission, but of the courts.

2. **Carriers ⊚⟞64—Railroad held liable as bailee for departure from contract of hiring.**

   A tank car, owned by the shipper, filled with gasoline, was delivered to a railroad company for the transportation of gasoline to a consignee under a bill of lading which entitled the owner to payment for the use of the car on a mileage basis. The car was not delivered to the consignee, but diverted, and was not returned to the owner for three months. *Held*, that the railroad company was a bailee for hire of the car, and that the contract of bailment was for its use only in accordance with the bill of lading; that its diversion was a breach of the contract, and, whether intentional or through negligence, rendered the railroad company liable for all damages sustained by the owner, including the value of its use while detained.

Appeal from the District Court of the United States for the Eastern District of Missouri; William C. Hook, Judge.

Suit in equity by the Guaranty Trust Company of New York and others, trustees, against the Missouri Pacific Railway Company and others. The Empire Refineries, Incorporated, appeals from an order disallowing its claim against the receiver. Reversed.

George A. Henshaw, of Oklahoma City, Okl. (A. Carey Hough, of Oklahoma City, Okl., and Warren T. Spies, H. O. Caster, Hayes McCoy, and S. N. Hawkes, all of Bartlesville, Okl., on the brief), for appellant.

Thomas T. Railey, of St. Louis, Mo. (Edward J. White, of St. Louis, Mo., Lansing P. Reed, of New York City, and Allen C. Orrick, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge.    January 17, 1917, appellant shipped on revenue billing from Cushing, Okl., to St. Louis, Mo., a tank car load of gasoline routed over the lines of the A., T. & S. F. Ry. and Missouri Pacific Ry. The tank car in which the gasoline was shipped was owned by appellant, and under the tariff provisions of the railways it was entitled to receive three-fourths of a cent per mile on loaded movements of the tank car. Instead of delivering the car and contents to the consignee at St. Louis, the Missouri Pacific Railway, then being operated by a receiver, tendered the car to the Wiggins Ferry at St. Louis, on March 18, 1917, which in turn delivered the same to the Clover Leaf Railway, with copy of waybill of another car showing destination Avondale, N. J. The car and contents were transported to Avondale, and

the car was not returned to St. Louis till June 17, 1917. Appellant presented a claim to the receiver in the sum of $297.70 for the rental value of the car for the time it was deprived of its use. The claim was heard by the special master and disallowed, and his action was confirmed by the court.

[1] The measure of damage or the amount thereof is not questioned. It does not appear from the record that the railway company had any authority to use the tank car except for the transportation of the gasoline to St. Louis. Appellant contends that the railway company was a special bailee of the car for hire for the purpose of transporting the contents thereof to the consignee at St. Louis, and is liable for any damages resulting from an unauthorized use of the same. Appellees admit that they would be liable if the car in question had been transported under revenue billing at the tariff rate of 10 cents per mile, but contend that under the facts of this case they are only liable for the amount fixed by the tariff provision above mentioned. It is also contended that the question as to whether the railway company is liable or not under the circumstances above detailed is a question for the Interstate Commerce Commission to decide, and therefore this court has and the court below had no jurisdiction of the case.

[2] The cause of action is one to recover damages for a breach of the contract of bailment, a matter over which it is clear the Commission has no jurisdiction. We are of the opinion that the tariff provision of three-fourths of a cent per mile was not intended to apply and did not apply, except as the car moved pursuant to instructions of appellant; that is, from Cushing to St. Louis. We now come to the liability of the railway company for the unauthorized use of the car. In this connection we must bear in mind that the car, so far as the record shows, was not delivered to the railway company for its general use as is frequently done by corporations and associations owning private tank cars. The car was bailed for a specific purpose for the mutual benefit of appellant and the railway company usually called a bailment for hire. The terms of the contract of bailment, express or implied, determine the rights, duties, and liabilities of the parties. In the absence of a special contract defining the relative rights of the bailor and bailee, the law of bailment lays down certain general rules of liability which control their relationship. Section 21, R. C. L. vol. 3; 6 C. J. p. 1110.

"The bailee is liable for loss resulting from breach of his contract to keep the property in a particular manner or at a particular place, or to use it only for a particular purpose or to a specified extent, or in a particular manner, or to return it at a particular time, or other special stipulation in regard to the property, without regard to whether he has been negligent." 6 C. J. § 42. Kennedy v. Portman, 97 Mo. App. 253, 70 S. W. 1099; Lilley v. Doubleday, 7 Q. B. D. 510; Butler v. Greene, 49 Neb. 280, 68 N. W. 496; Ferguson v. Porter, 3 Fla. 27; Evertson v. Frier (Tex. Civ. App.) 45 S. W. 201; Cartlidge v. Sloan, 124 Ala. 596, 26 South. 918; Carll v. Goldberg, 59 Misc. Rep. 172, 110 N. Y. Supp. 318; Cochran v. Walker (Tex. Civ. App.) 49 S. W. 403; J. T. Stark Grain Co. v. Automatic Weighing Mach. Co., 99 S. W. 1103.[1]

---

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 81 Ark. 609.

In Ferguson v. Porter, supra, bailee received a shipment of arrow-root, which he agreed to send to New Orleans for sale, but instead sent it to Charleston, and it was lost en route. He was held liable for the loss consequent upon his departure from instructions. In Butler v. Greene, supra, the bailee was compelled to move the property by the owner of the place at which he had agreed with the bailor to keep it. It was held that he was not relieved from liability for such removal. In Evertson v. Frier, supra, a bailee was held liable, regardless of the exercise of care, for the death of a horse driven 12 miles further than he represented that he intended to drive.

"The circumstance that the property is in the hands of the bailee, with the license of the owner to use it for one purpose, gives no right to use it for another; and the invasion of the owner's right of property is as complete when the bailee goes beyond his license and duty as if the control over the property were usurped without any bailment. Consequently, it may be stated generally, that if the thing is used for a different purpose from that which was intended by the parties, or in a different manner, or for a longer period, the hirer is not only responsible for all damages, but if a loss occurs, although by inevitable casualty, he will generally be held liable therefor." 3 R. C. L. p. 109. State v. State Journal Co., 75 Neb. 275, 106 N. W. 434, 9 L. R. A. (N. S.) 174, 13 Ann. Cas. 254; Woodman v. Hubbard, 25 N. H. 67, 57 Am. Dec. 310; Klug v. Sheriffs, 129 Wis. 468, 109 N. W. 656, 7 L. R. A. (N. S.) 362, 116 Am. St. Rep. 967, 9 Ann. Cas. 1013; McCurdy v. Wallblom Furniture & Carpet Co., 94 Minn. 326, 102 N. W. 873, 3 Ann. Cas. 468; Cobb v. Wallace, 5 Cold. (Tenn.) 539, 98 Am. Dec. 435; Swift v. Moseley, 10 Vt. 208, 33 Am. Dec. 197; Towne v. Wiley, 23 Vt. 355, 56 Am. Dec. 85; Ray v. Tubbs, 50 Vt. 688, 28 Am. Rep. 519; Crocker v. Gullifer, 44 Me. 491, 69 Am. Dec. 118; Graves v. Smith, 14 Wis. 5, 80 Am. Dec. 762; Stewart v. Davis, 31 Ark. 518, 25 Am. Rep. 576; Palmer v. Mayo, 80 Conn. 353, 68 Atl. 369, 15 L. R. A. (N. S.) 428, 125 Am. St. Rep. 123, 12 Ann. Cas. 691.

The bailee of a horse for hire has been held liable in an action of trover, when, after hiring him to be driven to one place, he drives him to a different one, without the consent of the owner. Rotch v. Hawes, 12 Pick. (Mass.) 136, 22 Am. Dec. 414; Woodman v. Hubbard, supra; Malaney v. Taft, 60 Vt. 571, 15 Atl. 326, 6 Am. St. Rep. 135. In the case at bar as the property bailed was returned, there is no question of trover or conversion. There is no defense made by the railway company that its action in sending the car to Avondale, N. J., instead of St. Louis, was not due to the want of ordinary care on its part. Both sides seem to treat the case as if the railway company was negligent, although from the authorities heretofore cited the question of negligence would seem to be immaterial. We are of the opinion that the record clearly shows a liability on the part of the railway company for the damages claimed.

The judgment below therefore is reversed, with directions to the trial court to enter judgment in favor of appellant.