No. 10,061.

NEILSON *v.* PHILLIPS.

Decided June 6, 1921.

Action to recover the value of personalty left with defendant for repair. Judgment for plaintiff.

*Reversed.*

1. BAILMENT—*Loss of Property by Theft.* A bailee is not liable for the loss of bailed property through robbery, burglary or theft, where there is no negligence on his part.

The contention of plaintiff that bailee contracted to redeliver the articles at a date prior to the loss by theft, held not supported by the evidence.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. E. M. SABIN, Mr. A. E. McGLASHAN, for plaintiff in error.

Mr. CHARLES K. PHILLIPS, Mr. WAYNE A. GUNKLE, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS action is brought to recover the value of a seal skin coat and two fur neck scarfs, delivered by plaintiff to defendant for repair, which, it is alleged, defendant refused and neglected to return to plaintiff.

The answer denies negligence and sets up that defendant was deprived of possession of the coat by a burglary and larceny, without fault on the part of the defendant.

There is no controversy over the proposition that a bailee is not liable for the loss of bailed property resulting without his negligence, from robbery, burglary or theft. The plaintiff rests her case upon the proposition that defendant had contracted to deliver the articles back to her, with the repairs thereon completed, on a date prior to the burglary and larceny, and that he failed to perform such agreement and was guilty of a breach before the burglary in failing to so deliver the articles back to the plaintiff.

There is no sufficient evidence in the record of such an agreement so as to make the time of agreed repair and delivery precede the time of the burglary. The evidence, at most, shows an expression of opinion on the part of the bailee as to the date on which the repairs would probably be completed, and an extension of such date, with an acquiescence on the part of the plaintiff, to a later time. The plaintiff failed to prove an agreement amounting to a con-

tract of insurance of delivery by defendant to plaintiff of the property on the date or at the time alleged in the amended complaint. The facts are quite analogous to those found in *Grant v. Miller*, 159 N. Y. Supp. 829, where a recovery was denied.

The judgment is reversed and the caused remanded with directions to dismiss the action.

MR. JUSTICE TELLER and MR. JUSTICE BAILEY concur.