### SEALE v. WHITE et al.
### No. 13948.

Court of Civil Appeals of Texas. Dallas.
Jan. 7, 1949.

Rehearing Denied Feb. 4, 1949.

Neil Brans, M. M. Wade and Bonney, Paxton & Wade, all of Dallas, for appellant.

John A. Erhard and Dick P. Wood, both of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment based upon a jury verdict awarding damages to appellees for the wreckage of their airplane left with appellant under a brokerage contract to sell. The terms of the contract were in dispute, appellees contending that the airplane was not to be flown; appellant, to the contrary, contending that the airplane was left with him for demonstration in such manner as he saw fit and that flying of the plane was essential for the purpose of sale. The jury determined the issues in favor of appellees. There is no controversy that the airplane was flown by appellant, and by others with his knowledge and consent, resulting in a "crash up" and damage to the airplane beyond repair. The jury found the reasonable cash market value of the airplane in Dallas on or about the time of the crash was $4,000; the salvage after the crash $400; hence the court entered judgment for $3,600.

This appeal is predicated upon points of error to the effect that appellees' suit is based upon damages as a result of conversion by appellant having divested them of their title to and possession of the airplane, thus seeking the aid of the court to secure compensation by awarding its value in lieu thereof; and that there is no evidence, or otherwise insufficient to support the findings of the jury and the judgment of the court based upon alleged ground of conversion.

Pertinent to the points raised, appellees alleged a conversion of their aircraft, in that they delivered the plane to appellant in good condition, under an oral agreement and understanding that the airplane would not be flown; that it would be exhibited at Love Field Airport, Dallas, Texas, for sale (by appellant) at a price which would net them the sum of $4,000; that appellant violated the agreement and understanding by flying the airplane and removing it to Joe

Field Airport, some few miles north of Love Field, and from there permitted others to use the plane in flights for various purposes inconsistent with and contrary to the purposes of their agreement, and that on such a flight the airplane crashed, resulting in its total destruction. Hence a conversion to appellees' damage of $4,000 for which they prayed judgment.

■ "A bailor generally has a choice of inconsistent types of relief against a bailee who has breached the contract of bailment. Thus in a proper case he may obtain an award of title and possession of the property, or he may obtain an award against the bailee and his transferee in trover for the reasonable market value of the property. In some circumstances a bailor may obtain an award of damages against the bailee for the contract price of the property on the theory that the bailee exercised an option to purchase the property or that there was a sale to the bailee independent of the exercise of an option." Tex.Jur.Ten-Year Supplement, Vol. 2, p. 302, sec. 30. So, here, appellees seek, irrespective of negligence, to impose an obligation upon appellant upon type of relief for breach of bailment to keep the airplane in a particular place, for sale, and not to be flown by the bailee without the bailor's consent, and as a result of breach of such contract the property bailed was damaged beyond bailee's ability to return it in the condition as when received. In the case of Foote v. DeBogory, Tex.Civ.App., 179 S.W. 2d 983, 984, Syl. 9, this Court held: "An action against defendant owner of an airfield for destruction of plaintiff's airplane by fire, seeking to hold defendant liable on theory of conversion arising from bailee's breach of special contract to keep airplane in a certain hangar which was not destroyed by fire, to be maintainable must be based upon allegations of express agreement to that effect." Citing Thornton v. Daniel, Tex.Civ.App., 185 S.W. 585; Sanchez v. Blumberg, Tex.Civ.App., 176 S.W. 904; Kennedy v. Portmann, 97 Mo.App. 253, 70 S.W. 1099, 5 T.J., Bailment, Secs. 16, 17, pp. 1026–1028; 12 A.L.R. Annotation 1322. In the case at bar, unlike the Foote case, there are allegations and proof of express agreement under which, observant of its terms, the airplane would not have been destroyed; and because of the breach of the agreement, resulting in the loss of the airplane, the appellant was guilty of conversion. Such was the tenor of appellant's suit and, we think, well supported by allegations and proof. The judgment of the court below is affirmed.

Affirmed.