Foote *v.* Storrs.

---

SAME TERM. *Before the same Justices.*

## FOOTE *vs.* STORRS.

A wharfinger is bound to take common and reasonable care of the commodity entrusted to him, and is liable for ordinary neglect.

The liability of a wharfinger and a warehouse-man depends on the same rule, and differs from that of a common carrier ; who is liable for all injuries except such as arise from the acts of God or the public enemy.

In all cases, when a defendant is bound only to ordinary care, and is liable only for ordinary neglect, the plaintiff cannot recover upon the mere proof of loss of the articles entrusted to the bailee. The *onus* is on the plaintiff to give some evidence of a want of care in the bailee, or his servant.

The case of *Platt* v. *Hibbard*, (7 *Cowen*, 497,) commented on, and the charge of the circuit judge in that case disapproved.

Foote *v.* Storrs.

THIS was a motion on the part of the defendant to set aside the report of a referee. The action was assumpsit for wharfage; and the declaration also contained the common counts. The plea was the general issue, with a notice of set-off for goods sold, &c. and the money counts. On the hearing before the referee, the plaintiff proved that he was the owner of a wharf on the west side of Lake Champlain, at Cedar point, in the town of Moriah; and he also proved that from September, 1842, to October, 1845, the defendant had various articles of lumber and other things deposited on the said wharf, for which he was indebted to the plaintiff. Mutual accounts, for other things, were shown to exist between the parties. The defendant claimed that he had deposited on the dock, a larger amount of lumber than the plaintiff had shipped from the dock, and than had been received by the defendant's consignees. And there was evidence tending to show that the difference between the number of plank received at the dock of the plaintiff, for which wharfage was charged, and the plank shipped to the defendant's consignees, was $2695\frac{1}{2}$ plank. There was evidence tending to show that this difference might arise from the omission of the defendant's teamsters to count the lumber when deposited on the dock, and therefore the quantity might have been erroneously estimated; also that portions of it might have been lost or improperly converted by the defendant's boatmen after it was taken from the dock; and also that it might have been lost by the carelessness and inattention of the plaintiff and his servants as wharfingers. There was evidence tending to show due care on the part of the plaintiff in the exercise of his employment as a wharfinger, and also evidence tending to show the contrary.

After the testimony was closed, the defendant's counsel insisted that as a part of the lumber put into the plaintiff's possession was missing and not accounted for, the defendant might waive the tort and charge the plaintiff with the missing lumber; and that the difference between the lumber delivered at the dock, and that received by the defendant or his consignees, was a proper set-off, under defendant's notice of set-

off. That if not allowable as a set-off, the defendant might recoupe, on the ground that the plaintiff was guilty of negligence in taking care of the lumber; and that at all events all the lumber the defendant had lost by the plaintiff's bad management, should be taken out of his account. On the other side the plaintiff contended that no loss of lumber had been shown attributable to his neglect, or for which he was liable. That if there were any damages sustained by the defendant it grew out of a tort which could not be waived, and was not the subject of set-off. That it could not be allowed as a recoupment, as there was no notice of that defence.

The referee reported in favor of the plaintiff $77,05; disallowing the defendant's claim to recoupe for the missing lumber, or to set it off; on the ground that there was no notice of recoupment, and also that the loss was not shown to be owing to Foote's fault.

*Pond & Simmons*, for the defendant.

*J. F. Havens*, for the plaintiff.

*By the Court*, WILLARD, J. So far as this controversy is a mere matter of account between these parties, it is a question of fact on which this court would not disturb the report of the referee, unless it was clearly against a strong preponderance of evidence. But there was testimony on both sides, and we see no reason to differ from the referee in the conclusions at which he arrived, on the state of the accounts. The claim interposed by the defendant for the missing lumber, and which was rejected by the referee, presents the only question that can properly be raised in this case. It is contended, on the part of the defendant, that the *onus probandi* is upon the plaintiff to exculpate himself from all blame. In the case of *Platt et al.* v. *Hibbard et al.*, (7 *Cowen*, 497,) tried before Walworth, circuit judge, at the Clinton circuit in January, 1827, the learned judge, in his charge to the jury, said that "when property entrusted to a warehouse-man, wharfinger, or storing and forwarding merchant, in the ordinary course of business, is lost,

Foote *v.* Storrs.

injured, or destroyed, the weight of proof is with the bailee to show a want of fault or negligence on his part; or in other words, to show the injury did not happen in consequence of his neglect to use all that care and diligence on his part that a prudent or careful man would exercise in relation to his own property." That was an action against the defendants, as warehouse-men, for property destroyed by the burning of their warehouse; and as the jury, notwithstanding the charge, found a verdict for the defendants, and the plaintiffs moved for a new trial on a case, the soundness of the charge of the learned judge could not be brought in question. It was not approved nor indeed adverted to by the court in giving judgment. By refusing to grant a new trial, the inference is that they were satisfied with the verdict. Although the reporter added a note, questioning the charge of the circuit judge, the case has nevertheless been cited elsewhere, as an authority, for the rule which casts the burthen upon the bailee, of establishing an excuse, upon proof of loss of the goods. (*See Clarke* v. *Spencer*, 10 *Watts*, 335.) But the rule in this state is believed to be otherwise. In *Schmidt* v. *Blood*, (9 *Wend.* 268,) it was expressly ruled that with respect to *warehouse-men* the onus of showing negligence rests on the owner. The liability of a *wharfinger* is not distinguishable from that of a *warehouse-man*. Both are bound only to take common and reasonable care of the commodity entrusted to them. (*Story's Bail.* 450 *to* 457, § 444 *to* 452.) We are not aware of any adjudged case that makes a wharfinger liable for slight neglect, or that attempts to put him upon the footing of a common carrier. The reason and policy of the law, with respect to the liability of the latter for all injuries except such as arise from the act of God and the public enemy, are inapplicable to the former. In all cases, where a defendant is bound only to ordinary care, and is liable only for ordinary neglect, the plaintiff cannot recover upon the mere proof of loss of the articles entrusted to the bailee. He must give some evidence of a want of care in the bailee, or his servants.

In the present case, therefore, it was a question of fact for the referee, whether any lumber which had been delivered on

the plaintiff's wharf, by the defendant, or his servants, had been lost; and in the second place, whether it was lost by reason of a want of proper care on the part of the plaintiff. The referee has found one or both of these questions in favor of the plaintiff, the wharfinger; and I do not see any sufficient ground to disturb his report.

This in fact disposes of the motion. If the plaintiff was not guilty of any fault, occasioning the loss of the lumber, it would seem to be an idle ceremony to inquire, whether if he had been guilty of a fault occasioning that loss, it formed the subject either of a set-off or recoupment; and if the latter, whether it would have been given in evidence without notice. The cases on the subject of recoupment referred to, are ab v. *McAllister*, (8 *Wend.* 109.) 22 *Id.* 155. 5 *Hill's Rep.* 71, 76. 2 *Id.* 194. They seem to uphold the decision of the referee; but it is not deemed advisable to place the case upon that ground.

The motion to set aside the report of the referee must be denied with costs.

