## SUPREME COURT.

### DAVISON agt. THE ASSOCIATION FOR THE EXHIBITION OF THE INDUSTRY OF ALL NATIONS.

The association, under their charter, are not liable upon an implied warranty for injuries done to the property of the exhibitors deposited in the Crystal Palace, by reason of rain driving through that building—no special agreement or negligence alleged.

*New - York Special Term, April,* 1854. The plaintiff, one of the exhibitors at the Crystal Palace, sues the association for the consequences of alleged imperfection in the construction of the building, the same " not having," he says, " been built watertight." His " Hebrew work of art "—that is the name by which the article exhibited was known, being one of three " pictures in penmanship "—of the value of five hundred dollars, " by reason of rain beating in and through said building and upon the same, became so greatly damaged as to be wholly lost to the plaintiff."

To the claim thus presented the association demur, and insist that, having been guilty of no negligence—for none is charged in the complaint—they are not responsible for damages resulting from the elements; and the question is, does the charter of

the association, for no express engagement is pretended, necessarily imply a warranty to the exhibitors that their góods shall, under no circumstances, and from no cause, sustain any injury?

*for Motion.*
*Opposed.*

Roosevelt, Justice.   The plaintiff seeks to apply to the case the rigid law of common carriers.   He can only do so by analogy; for no carriage by the defendants, whether common or otherwise, was undertaken or asked for.   The goods, by clear mutual understanding, were to be stationary.   They were not to be transported by the company or by anybody.   And, even in such a case, where a canal boat had been arrested by frost, and the merchant's goods thereby greatly delayed and his profits diminished, he was held to be without remedy.   (Bowman agt. Teall, 23 *Wend.* 306.)   It is a sufficient answer, however, to this point to say that the law of common carriers is special and exceptional, resting on reasons peculiar to itself, and that it should not be extended.   (14 *Wend.* 215; 7 *Cow.* 797.)

The defendants can only be liable, if at all, as bailers—that is, for the want of ordinary care and diligence.   (Aymar agt. Astor, 6 *Cow.* 266.)   A warehouseman, not charged with negligence, is not responsible for injury to the goods entrusted to him, nor for embezzlement, (9 *Wend.* 60 *and* 268;) and the burden of proof, even in case of negligence, lies on the owner of the goods.   (*Foot* v. *Storms*, 2 *Barb.* 326.)   If the warehouseman has bestowed upon his customer's property the same care as a prudent man would bestow upon his own, he has done all that either the law or common justice would require at his hands.

Now the Crystal Palace, as it appears, was not built watertight.   But no building, especially one of glass, was ever erected so perfect that, in a violent storm of hail and rain, the elements might not, in spite of every precaution, do some damage.   This the plaintiff knew; and, in the absence of express guarantee, he must be presumed to have made his deposit subject to such a contingency.   He saw the edifice, and voluntarily assumed the

risk. All he had a right to take for granted was, that it had been constructed with reasonable care, and in that respect he does not pretend that he was deceived.

The complaint must therefore be dismissed, with costs, unless the plaintiff pay the costs of the demurrer and amend in twenty days.