(34 Misc. Rep. 175.)

LYONS v. THOMAS.

(Supreme Court, Appellate Term. February 25, 1901.)

BAILMENT—LOAN OF HORSE—INJURY—LIABILITY OF BAILEE.

Plaintiff loaned defendant a sound horse, and after four days defendant returned it in such an injured condition that the Society for the Prevention of Cruelty to Animals required it to be shot. Plaintiff proved that the horse was worth $150, and defendant offered no explanation of the injury. *Held*, that a judgment for defendant was erroneous, as the burden was on defendant to show that he had used proper care.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Martin Lyons against Gustav Thomas. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

W. J. McCormack, for appellant.
Zeller & Miehling, for respondent.

ANDREWS, P. J. This is an appeal by the plaintiff from a judgment of the municipal court, Ninth district, in favor of the defendant upon the merits. The action was brought to recover damages for injury to and loss of a horse loaned by the plaintiff to the defendant. On September 14, 1900, the plaintiff loaned a horse, which, according to the plaintiff's testimony, was sound and docile, to the defendant, for use on a baker's delivery wagon. The defendant used the horse for four days, and upon its return on the fourth day the horse was so injured that the Society for Prevention of Cruelty to Animals caused it to be shot. The value of the horse, according to plaintiff's testimony, when it was delivered to the defendant, was $150. The defendant offered no evidence whatever to excuse the injury to the horse, or to show that it was not injured while in the defendant's possession. Upon the undisputed evidence I think the justice should have rendered judgment in favor of the plaintiff for the value of the horse, which was shown to be $150. The plaintiff made out a prima facie case, and it was for the defendant to show that he used proper care. The plaintiff could not be required to prove facts which were within the knowledge of the defendant only. The case is like that of Collins v. Bennett, 46 N. Y. 490, in which the court said:

"If the horse was sound when delivered to the defendant, the onus is upon him of showing that he took proper care of him, and was not guilty of negligence that caused the injury. Here it will be observed this horse was in exclusive possession of the defendant. He had charge and care of him for hire. During that charge he is injured in a way that ordinarily does not occur without negligence. This may safely be said on the evidence and upon human experience. In such case the burden rests with the custodian to show how the injuries occurrred, and that he was not guilty of the negligence which caused it."

In an action against a bailee for damage to goods, 'slight evidence will shift the burden to the bailee, and, in considering the amount of evidence on the part of the plaintiff which will make it necessary

for the defendant to show that he exercised proper care, the court will consider the opportunities of knowledge with respect to the fact to be proved which may be possessed by the respective parties, and it is for the bailee to prove that the loss or damage was the result of inevitable accident or wrongful act, which, in the exercise of due diligence, could not have been avoided or prevented; and a bailee who returns, in an injured condition, an article which has been loaned to him, is, by its very condition, called upon for an explanation, for a presumption of fault must arise therefrom against him. Harris v. White, 81 N. Y. 548; Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999; Clapp v. Town of Ellington (Sup.) 34 N. Y. Supp. 285; Scranton v. Baxter, 4 Sandf. 5; Cooley, Torts (2d Ed.) pp. 755, 794.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

