BENDER–MARTIN CO. v. APOLLO CO.

(Supreme Court, Appellate Term.   November 14, 1906.)

PRINCIPAL AND AGENT—CONTRACTS—ACTION FOR BREACH—PROOF OF EXECUTION OF CONTRACT.

Where, in an action on a contract alleged to have been made by defendant, A. Co., and signed by a third person as manager, there was no evidence showing who the third person was, or whether or not he had acted as manager for the company, and it was not shown that he signed the contract, or that the company ratified its execution, there could be no recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 720.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Bender-Martin Company against the Apollo Company. From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Wentworth, Lowenstein & Stern, for appellant.

Byers & Snyder, for respondent.

DOWLING, J.   The plaintiff sued and obtained a judgment against the defendant for a breach of two contracts alleged to have been entered into between plaintiff and defendant.   The contracts were introduced in evidence over the plaintiff's objection.   They purport to have been signed by "Fred Kahn, Manager."   No evidence whatever was given upon the trial to show who Kahn was, or whether or not he ever acted as manager for the defendant.   It was not even shown that he signed the alleged contracts, or that the signature thereto was in his handwriting; neither was there the slightest evidence of ratification of the contracts on the part of the defendant.   All the correspondence admitted in evidence was signed by said Kahn as manager, and was upon letter heads containing the name of the defendant; but no testimony whatever was given showing or tending to show that such letter heads were used by any other person than Kahn.   There is some testimony of a conversation between the president of the plaintiff and Kahn, but Kahn's connection with or authority to act for the defendant is not shown.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

---

(51 Misc. Rep. 637.)

LITTLEFIELD v. NEW YORK CITY RY. CO. et al.

(Supreme Court, Appellate Term.   November 14, 1906.)

1. STREET RAILROADS—COLLISION WITH VEHICLE—NEGLIGENCE.

Plaintiff rented a truck and team to D., who placed the same in charge of an experienced driver.   As the driver was about to cross the track of defendant street railroad company in broad daylight, he looked and saw a street car 65 feet distant.   The horses were going at a moderate pace and

were well under control. The motorman, though he must have seen the truck, approached at a high rate of speed, and struck it as it was crossing the track, causing the injuries complained of. *Held*, that the motorman, being able to have stopped his car in time to have avoided the collision, was guilty of negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 190–193.]

**2. SAME—DRIVER—CONTRIBUTORY NEGLIGENCE.**

The driver of the truck was entitled to rely on the presumption that the motorman would respect his right to cross, the car being 65 feet distant at the time, and would use ordinary care to prevent collision, and was not, therefore, guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 190–193.]

**3. BAILMENT—BAILEE FOR HIRE—INJURIES TO PROPERTY—NEGLIGENCE.**

Where plaintiff rented a truck to defendants D., who placed the same in charge of an experienced driver, and the truck was injured in a collision with a street car, owing to the negligence of the motorman, without any negligence on the part of the driver, the bailees were not liable to plaintiff for the damages sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, § 46.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Lemuel Littlefield against the New York City Railway Company and others. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Affirmed as to defendant railway company, and reversed as to the other defendants.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

James A. Deering (J. C. Toole, of counsel), for appellants Doyle.

George R. Westerfield, for respondent.

GILDERSLEEVE, J. The action is for injury to plaintiff's property. The plaintiff rented a truck and team to the defendants Doyle, who placed the same in charge of one Dunn, a driver of 30 years' experience. At the corner of Waverly Place and Sixth avenue Dunn turned his horses east, to cross the avenue into Waverly Place. As his team was about to go on the north-bound track, he looked and saw one of the cars of defendant railroad company 65 feet away, coming up Sixth avenue. The horses were going at a moderate pace and were well under control. It was broad daylight, and the motorman must have seen the team and truck. The car came on at a high rate of speed, and struck the truck, causing the injuries complained of. The jury found for plaintiff against all the defendants. The latter appealed, but the defendant railway company has submitted no brief on the appeal, nor did it introduce any testimony at the trial.

There can be no question of the negligence of the motorman, who certainly could have stopped his car in time to avoid the collision, if he had had it under proper control as he approached the corner of Waverly Place. Nor was the driver, Dunn, guilty of contributory negligence. He had a right to cross the tracks at Waverly Place, when the car was 65 feet away, relying on the presumption that the motorman would respect his right to so cross and would use ordinary care to prevent a collision. There appears to have been

no reason for an exceptional degree of care on the part of Dunn. So far, therefore, as the defendant railway company is concerned, the verdict must be upheld.

As to the defendants Doyle, another aspect is presented. These two defendants—i. e., James and Nathaniel Doyle—were bailees for hire, and as such they were liable to plaintiff only for lack of ordinary care. The plaintiff unquestionably showed that the Doyles, as bailees of plaintiff, had received from plaintiff the latter's property, and had failed to restore the same to plaintiff. The Doyles, on the other hand, showed affirmatively the existence of circumstances affording a legal excuse for their omission to so restore plaintiff's property, to wit, that the same was destroyed by the act of a third party, without any fault on the part of the said defendants Doyle. The defendants Doyle showed that they used plaintiff's property with the ordinary prudence and care which devolved upon them as bailees for hire of plaintiff.

We think the judgment should be affirmed as to the defendant rail way company, with costs to plaintiff, but reversed as to the defendants Doyle, with costs to said defendants.

DOWLING, J., concurs.    DUGRO, J., taking no part.