(71 Misc. Rep. 190.)

### ALLEN v. FULTON MOTOR CAR CO.

(Supreme Court, Trial Term, Oswego County. January 2, 1911.)

1. TRIAL (§ 165*)—MOTION FOR NONSUIT—PROCEEDINGS.

    The purpose of Code Civ. Proc. § 1187, authorizing the court, pending decision on motion for nonsuit, to submit issues to the jury and subsequently pass on the motion, is to provide an adjustment of the rights of the parties by a minimum of litigation and obviate the necessity of a new trial in case defendant is, on the facts, entitled to a nonsuit.

    [Ed. Note.—For other cases, see Trial, Dec. Dig. § 165.*]

2. BAILMENT (§ 14*)—BAILMENT FOR MUTUAL BENEFIT—LIABILITY OF BAILEE.

    Where an owner delivered his automobile to another for repairs under a contract stipulating that the latter should make repairs and that the owner should furnish the necessary materials therefor, the latter was only liable for want of ordinary care in protecting the machine; the contract being for the, mutual benefit of the parties.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–56; Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BAILMENT (§ 31*)—LOSS OF GOODS—BURDEN OF PROOF.

Where one receiving from the owner an automobile to repair, under a contract stipulating that he should make repairs on the machine and that the owner should furnish the materials, showed, when called on to return the machine after the completion of the repairs, that it had been destroyed by a fire while in a building not connected with his garage, the owner had the burden of proving that the loss was occasioned by negligence of the former.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124, 125; Dec. Dig. § 31.*]

Action by Jesse B. Allen against the Fulton Motor Car Company. Motion for nonsuit. Granted.

Reilly & Sullivan, for plaintiff.
Mead & Stranahan, for defendant.

MERRELL, J. This action was brought by the plaintiff to recover of the defendant the value of a Franklin touring car automobile which the plaintiff delivered to the defendant at its place of business in the city of Fulton, N. Y., in July, 1910, for repairs under a contract that the defendant should make certain repairs upon the machine, the plaintiff furnishing the necessary parts and materials therefor, at the agreed price of 50 cents per hour, to be paid by the plaintiff to the defendant, for time actually consumed in effecting such repairs.

The plaintiff delivered the car to the defendant and thereafter from day to day during the progress of the repairs assisted defendant's machinist in making the same. The car was placed by the direction of the defendant in a barn not connected with the defendant's garage. After the lapse of several days the plaintiff received notification from the defendant by telephone that the repairs had been completed and that the machine was in condition for use. Thereupon the plaintiff proceeded to the city of Fulton from his home near Phœnix, N. Y., and, upon reaching the barn in which his machine had been stored during the course of the repairs, found the building and some adjacent buildings in ashes and the remains of his machine in the ruins. He thereupon made demand upon defendant for the return of his machine, which was, of course, impossible, as it had been destroyed by fire. The plaintiff brings this action to recover of the defendant the value of his car, alleging that its destruction was due to the negligence of the defendant.

The facts substantially as above outlined were established upon the trial by the testimony of the plaintiff and his wife. No evidence was given showing the origin of the conflagration which resulted in the destruction of the automobile, nor did it appear that the fire originated upon the premises occupied by defendant on which the automobile had been repaired. After establishing the delivery of the car to defendant, the contract price, failure to return upon demand, and the destruction of the machine by fire, the plaintiff rested his case, relying upon the authority of Collins v. Bennett, 46 N. Y. 490, Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999, 43 Am. St. Rep. 725, and Powers

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Jughardt, 101 App. Div. 53, 91 N. Y. Supp. 556, in support of his course.

Thereupon the defendant moved for a nonsuit on the ground that the plaintiff had failed to establish a cause of action. The court, at the time, not being entirely clear as to whether or not the plaintiff had made out a prima facie case, reserved ruling upon the motion for non-suit. Thereafter the defendant offered no testimony, but at once rested its case and renewed its motion for a nonsuit. The court reserved its ruling upon said motion and submitted the case to the jury under section 1187 of the Code of Civil Procedure, submitting to the jury generally the questions of the defendant's negligence, the plaintiff's freedom from negligence, and, if those questions were found affirmatively, that the jury should then award such damages as the evidence justified. After some deliberation the jury rendered a verdict in favor of the plaintiff and against the defendant for $600. The defendant now insists upon its motion for a nonsuit.

It seems to me that, while possibly the strict letter of the statute (section 1187 of the Code) may not have been followed in this case, yet the intention and value of that statute was to provide an adjustment of the rights of parties by a minimum of litigation, and that the necessity for a new trial should be obviated in case the defendant was, upon the facts proven, justly entitled to a nonsuit.

The question in this case turns on the burden of proof, and as to which party was called upon to assume such burden. The plaintiff relied upon the doctrine that, where property is in the exclusive possession of the bailee for hire and is injured in any way that ordinarily does not occur without negligence, the burden of proof is upon the bailee to show that the injury was not occasioned by his negligence, and cited the cases hereinbefore referred to in support of his position.

I do not think the authorities cited by the plaintiff are in point. This was a case of bailment for hire. The contract was for the mutual advantage of both the bailor, Allen, and the bailee, the Fulton Motor Car Company. When it accepted the property, the Fulton Motor Car Company was bound to bestow upon it ordinary diligence, such as every man of common prudence takes of his own property. As the contract was for the mutual benefit of the parties, the defendant was only liable for loss occurring by reason of its negligence, and was not liable for loss due to accident or irresistible force. It was answerable only for ordinary neglect. If the machine was lost or damaged for want of ordinary care and diligence, the defendant is, of course, responsible. When called upon for the return of the car, it was the duty of the defendant to deliver it to its owner, or account for its default by showing a loss by some violence, theft, or accident.

It seems to me in this case that when the evidence disclosed the fact that this car was lost by fire, or, in other words, its loss was accounted for, that the burden continued upon the plaintiff to show that its loss was occasioned by some negligence or want of ordinary care upon the part of the defendant. The case of Clafflin et al. v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467, seems to me to be directly in point with the case under consideration here. There can be no question but what the

doctrine is well settled in this state that where a bailee of goods, although liable to recover for their loss only in case of negligence, fails nevertheless upon demand to return them to the owner, or account for his failure to return them, that a prima facie case of negligence is made out against the defendant. It seems to me that the presumption of negligence in such a case is somewhat artificial and results from the fact that the bailee is in a position to have exclusive knowledge of the facts, and that he should give explanation for his failure to return, if any such explanation may exist other than his own fault. But as Judge Hand, in Clafflin v. Meyer, supra, says:

"Where the refusal to deliver is explained by the fact appearing that the goods have been lost, either destroyed by fire or stolen by thieves, and the bailee is therefore unable to deliver them, there is no prima facie evidence of his want of care, and the court will not assume, in the absence of proof on the point, that such fire or theft was the result of his negligence."

Chancellor Kent states the principal of law in clear and unequivocal language as follows:

"The bailee, when called upon for the article deposited, must deliver it, or account for his default by showing a loss of it by some violence, theft, or accident. When the loss is shown, the proof of negligence or want of due care is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care." 2 Kent's Commentaries, 587.

Also, see Lamb v. Camden & Amboy R. R. Co., 46 N. Y. 271, 7 Am. Rep. 327; Schmidt v. Blood, 9 Wend. 268, 24 Am. Dec. 143; Platt v. Hibbard, 7 Cow. 500; 2 Kent's Coms. 587; Foote v. Storrs, 2 Barb. 326.

Judge Grover, in Lamb v. Camden, above cited, holds that the defendant was not obliged to go farther than to account for the loss of the property by fire.

Judge Sutherland, in Schmidt v. Blood, above cited, states the rule that the onus of showing negligence seems to be upon the plaintiff, unless there is a total default in delivering or accounting for the goods.

The plaintiff also relies upon the case of J. Russell Manufacturing Company v. New Haven Steamboat Company, 50 N. Y. 121, as authority for his contention that the duty is upon the defendant to show that the destruction of the automobile by fire was occasioned through no negligence or want of care on defendant's part. The Russell Case is clearly distinguishable from the case at bar, as in that case the property was stored upon the defendant's wharf and in some manner a fire originated during the nighttime upon the wharf which finally resulted in the destruction of plaintiff's property. In that case the defendant had watchmen to guard the wharf against just such an accident, and the court held that it should have produced the watchmen or accounted for the origin of the fire. In the case at bar there is no evidence whatever showing that the fire originated upon the property of the defendant. Indeed, it appears that the conflagration was quite general, and that other adjacent property was destroyed. I do not recall any evidence offered in the case tending to show that the fire originated either upon or was due to any act of negligence of the defendant, or from which such negligence could be inferred.

The case of Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999, 43 Am. St. Rep. 725, relied upon by plaintiff, it seems to me, is clearly distinguishable from the case at bar. In that case it did not appear in what manner the yacht or its small boat was injured. Had it appeared that the injuries complained of in that case were the result of fire, it seems to me that the burden of showing that the fire was due to negligence on the part of the bailee would have rested upon the plaintiff. As stated in Kaiser v. Latimer, 40 App. Div. 150, 57 N. Y. Supp. 833, in the opinion of Cullen, J.:

"The principle is often broadly asserted that the bailee is not responsible for fire, burglary, or theft."

It seems to me, therefore, that none of the authorities cited by the plaintiff overrule the case of Clafflin v. Meyer, above mentioned, and that that case is an authority upon the state of facts presented here.

I am therefore constrained to grant the defendant's motion for a nonsuit.