(78 Misc. Rep. 139.)

## THORN v. STRAUS et al.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

1. BAILMENT (§ 11*)—NONDELIVERY OF PROPERTY.

A bailee is required to return the property intact, or explain its loss in some satisfactory way.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 33–36;  Dec. Dig. § 11.*]

2. BAILMENT (§ 31*)—ACTIONS—BURDEN.

The burden was on a party who delivered photographic films to another for the purpose of having prints made therefrom, in an action for the loss thereof, to establish that such loss was due solely to defendant's negligence.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131;  Dec. Dig. § 31.*]

3. BAILMENT (§ 31*)—ACTIONS—EVIDENCE—WEIGHT AND SUFFICIENCY.

Where plaintiff proved the delivery of photographic films to defendant, for the purpose of having prints made, and defendant's failure to return them on demand, while defendant proved that its system of caring for such articles was similar to that in use in other large department stores, and that a careful and exhaustive search had been made, plaintiff sustained the burden of proving that the loss was due to defendant's negli-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gence, since the failure to return on demand constituted a prima facie case, which was not overcome by defendant's evidence.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

4. NEGLIGENCE (§ 134*)—PRESUMPTION—EFFECT OF PRESUMPTION.

Where the law presumes negligence, the presumption takes the place of proof, and, while not conclusive, can be overcome only by evidence of a substantial and persuasive character.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harry B. Thorn against Isidor Straus and another, doing business as R. H. Macy & Co. From a judgment for defendants, after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Ernest W. Wyatt, of Yonkers, for appellant.

Wise & Seligsberg, of New York City (Isaac Lande, of New York City, of counsel), for respondents.

SEABURY, J. This action is brought for the breach of a bailee's contract to return goods delivered to it by the plaintiff. The proof showed that the plaintiff delivered to the defendant 34 photographic films or negatives, for the purpose of having prints made therefrom. The defendants agreed to return the films with the prints within a few days after delivery. When the plaintiff first called and demanded the return of the films and prints, the defendant reported that it was unable to find them, and assured the plaintiff that they would make every effort to find them. A representative of the defendant told the plaintiff that the films had been printed in the laboratory, and the price marked upon them, and returned to the photographic department of the defendant's store ready for delivery. The defendant offered evidence to show that the films had been sent to the photographic laboratory, prints made, and the films returned to the photographic department. The defendant also showed the system in vogue in its store under which such articles were usually cared for, and that it pursued the same system which is in general use in large department stores in the city of New York. Upon this proof, the learned court below awarded judgment in favor of the defendant.

[1] We are of the opinion that upon this evidence plaintiff was entitled to recover. The law required the defendant to return all the property intact, or to explain its loss in some satisfactory way; but it did neither. Hasbrouck v. N. Y. C. & H. R. R. Co., 202 N. Y. 363, 374, 95 N. E. 808, 35 L. R. A. (N. S.) 537.

[2, 3] It is quite true, as urged by respondent, that the burden was upon the plaintiff to establish by a preponderance of evidence that the loss of the articles was due solely to the negligence of the defendant. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. We think

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the plaintiff fully sustained this burden. Plaintiff proved the delivery of the films, and the failure of the defendant to return them upon demand. The failure to return the films was evidence of the failure on the part of the defendant to exercise ordinary care under the circumstances. The fact that the system in operation in defendant's store was similar to that in use in other large department stores in New York City was not sufficient to overcome the presumption of negligence which arose from the failure of the defendants to return the articles to the plaintiff. If the system adopted had been followed, the articles would have been delivered to the plaintiff. The failure so to deliver the goods is prima facie evidence of the fact that the defendant, through negligence, did not pursue the system that it adopted. The fact that the defendant, after the films were lost, made a careful and exhaustive search for them, is no evidence that the defendant exercised proper care of the films before they were lost. I do not see how it was possible for the plaintiff to prove more than he did, and the presumption which arose from the facts which he proved justified the inference that the defendant was negligent.

[4] Where the law presumes negligence, such a presumption takes the place of proof; and, while the presumption is not conclusive, it can only be overcome by evidence of a substantial and persuasive character. The evidence adduced by the defendant, while entitled to consideration and weight, was not, in our judgment, of such a character as to overcome the prima facie case established by the plaintiff.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.