## SIEGEL et al. v. EISNER.

(Municipal Court of City of New York, Borough of Manhattan, Sixth District. November 29, 1912.)

1. ANIMALS (§ 27*)—NEGLIGENCE OF BAILEE—ACTS CONSTITUTING.
   Leaving a hired horse in a city street, unguarded and unattended, was negligence, making the bailee liable for a theft of the horse, although a weight was attached to the horse's bit and the wheels of the wagon tied with a rope, since, although this made it difficult for the horse to run away, it did not prevent a theft.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. § 27.*]

2. ANIMALS (§ 27*)—FAILURE TO RETURN—EXCUSE.
   Where the theft of a hired horse was due to the bailee's failure to properly guard it, it was not an accident naturally incident to the use of the horse, or one which, in the exercise of due care, could not have been avoided or prevented, which would have excused the bailee's failure to return it.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. § 27.*]

3. ANIMALS (§ 27*)—ACTIONS BETWEEN BAILOR AND BAILEE—EVIDENCE.
   The failure of a bailee to return a hired horse is evidence of failure on his part to exercise ordinary care under the circumstances.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. § 27.*]

Action by Henry Siegel and another against Adolph Eisner. Judgment for plaintiffs.

David G. Godwin, of New York City, for plaintiffs.
Peter Lowenfeld, of New York City, for defendant.

MARKS, J. The duty and liability of a bailee for hire is stated as follows in Schouler's Bailments and Carriers:

Section 134: "As to the measure of care and diligence required, the hirer for use is, like all other mutual benefit bailees, bound to exercise ordinary or average care and diligence; and for nothing less than ordinary negligence, or the failure to exercise such care and diligence as persons of average prudence bestow toward such property, or upon their own property under like circumstances, is he, while confining himself to the terms of the employment, legally responsible. This in each case becomes, as in other bailments, a question of fact upon all the evidence."

Section 135: "Inevitable accident or superior force excuses this bailee sufficiently, then, from returning the thing as it came to him; and so with loss by accidental fire, or the natural deterioration of the thing, its wear and tear, or spoliation, from causes against whose operation he has been ordinarily careful; or in the case of a hired animal, its sickness or death under like circumstances. But where the cause of the sickness or death of the creature, or, in general, the cause of the injury, waste, or destruction of the thing bailed, is traced to the hiring bailee's abuse or neglect of duty, or, as it is sometimes said, where his ordinary negligence contributed thereto, or was the proximate cause of the injury or loss, he must be held responsible. Similar considerations apply to the loss of hired chattels by robbery, theft, the escape of animals, and the like; the issue being, as between bailor and bailee, whether, upon the facts presented, the latter party has, or has not, exercised ordinary care in the premises."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The defendant hired plaintiffs' horse, and, hitching it to his (defendant's) wagon, drove it to East Forty-First street, in the borough of Manhattan, where he had some work to do upon a building. He claims that he tied the wheels together with a rope and attached a weight to the horse's bit, and that, as thus secured, the horse was watched by one of the defendant's employés, for some time, until the employé went into the building to bring another employé a pail of paint, leaving the horse unguarded. The horse and wagon were stolen while the employé was inside the building. Even placing full credence upon the evidence of the extraordinary precautions claimed to have been taken to secure and watch the animal—that a workman earning $18 a week stood watching the horse and wagon, tied and secured, as the defendant claims, for more than an hour, before such employé was called into the building—yet that does not overcome the presumption of negligence arising from the failure on the part of the defendant to return the horse. There is no actual proof of the cause of the disappearance of the horse. It may be assumed that he was stolen. The question still remains to be decided as one of fact: Did the defendant, upon the facts presented, exercise ordinary care to prevent the theft of the animal?

The adjustment of the standard of ordinary diligence in cases of bailment is not always an easy matter, and depends upon the nature of the chattel and its incidental exposure to loss or destruction. What would be considered exposure of a horse to loss by theft in a large city would not apply to a small town or village. It was not a difficult matter to untie or cut the rope holding the wheels and unfasten the' rope to which the weight was attached. Securing the wagon and horse did not prevent them from being stolen when left alone and unguarded. It probably did make it difficult for the horse to run away, and would excuse the bailee from liability on that score, as sufficient care was exercised to guard against a runaway.

[2] My attention has not been called to any case holding that it is not negligence for a bailee in a large city to leave a horse and wagon unguarded while he enters a building. Defendant claims that it is a common practice to leave horses standing on the streets unguarded, and that, as the defendant took extra precautions to secure the horse and wagon and watch him until the employé was called into the building, it cannot be said he failed in the exercise of ordinary care. It is a matter of common knowledge that unguarded horses are frequently stolen from the streets. There is no difficulty connected with the task, and it takes little time to do it. The loss by theft was not an accident naturally incident to the use of the horse under the manner contracted for in this case, but its loss by theft was due to failure to properly guard it; and in my opinion a person, being the owner or bailee of a horse, who leaves it unguarded on the streets of a large city, where the temptation to take anything of value that can be carried away is great and pressing, exposes it to possible theft, and does not exercise the care that a prudent man should exercise to protect it from the risk of that loss in that manner. The defendant's act in leaving the horse unguarded is a failure to exercise that care

and diligence that persons of average prudence should exercise in a large city to prevent a horse being stolen, and was the proximate cause of the loss of the horse, and is in my opinion negligence. The defendant has not shown that the theft was occasioned without his negligence, or after he had exercised the care that a prudent man should exercise when leaving a horse on the streets of the city of New York. Nor was the theft or loss of the horse the result of inevitable accident or wrongful act, which in the exercise of due care could not have been avoided or prevented—conditions that would excuse the bailee. Lyons v. Thomas, 34 Misc. Rep. 175, 68 N. Y. Supp. 802.

[3] The failure to return the horse was evidence of the failure on the part of the defendant and his employés to exercise ordinary care under the circumstances. They had the care and charge of it, and if they had not left it unattended and unguarded it could not have been stolen, and while the evidence of the defendant as to tying the wheels and attaching the weight to the bit is undisputed, and is entitled to consideration, it does not overcome the fact that the horse could, notwithstanding, have been, and was in fact, stolen, and does not overcome the case made out by the plaintiff that the loss could not have occurred if the defendant had exercised care and left the horse guarded or attended. Thorn v. Straus (Sup.) 137 N. Y. Supp. 927. The explanation by the defendant that the horse was stolen does not relieve him from liability; because by the exercise of ordinary care that theft could have been avoided. The theft did not occur after the defendant had taken precautions to guard against it; but it occurred by reason of the negligence of the defendant's employé in failing to continue to watch it—in leaving it on the street alone. So that the cases cited by the defendant have no application. In all those cases in which it was held that a bailee was not responsible for hired chattels, it was shown that the loss occurred after ordinary care had been exercised, as where a horse was stolen from a stable, or chattels from premises, by a burglarious entry thereof, or the property was injured or destroyed by fire, without proof that the fire was caused by negligence, or where the property was injured by irresistible force, or accident, or negligence of a third party, without any fault or negligence of the bailee. Littlefield v. New York City Railway Co., 51 Misc. Rep. 637, 101 N. Y. Supp. 75; Campbell v. Klein, 52 Misc. Rep. 123, 101 N. Y. Supp. 577; Allen v. Fulton Motor Car Co., 71 Misc. Rep. 190, 193, 194, 128 N. Y. Supp. 419.

Judgment for plaintiffs for the value of the horse, $150, and for harness, $10; total, $160.