## Clair E. More, Appellant, v. Frank Fisher, Appellee.

## Gen. No. 31,660.

1. BAILMENTS—*how burden to disprove negligence cast on bailee.* Proof that a clothing cleaner has failed to return clothing places upon him the burden of proof that he was not guilty of negligence proximately contributing to the loss of the clothes.

2. BAILMENTS—*leaving clothing in unguarded motor truck as negligence.* The fact that a clothing cleaner left the clothes in an unguarded truck in a Chicago street and that they were stolen shows negligence warranting recovery from him by the owner for the loss.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed with finding of facts and judgment here. Opinion filed October 10, 1927. Rehearing denied October 24, 1927.

BULKLEY, MORE, POYNTON & OVERMYER, for appellant.

STEINER & SETECKA, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment against him for costs entered upon the finding of the court.

The statement of claim alleged in substance that the defendant is engaged in the cleaning and dyeing business in Chicago; that on or about May 20, 1925, defendant received two suits of clothes with two extra pairs of trousers from plaintiff for the purpose of cleaning and pressing; that the defendant failed to return the suits or the extra pairs of trousers to plaintiff or to pay for them although often requested so to do, to the damage of plaintiff in the sum of $130. There was no affidavit of merits, the cause being assigned to the small claims court.

The evidence is not conflicting and tends to show that plaintiff delivered the clothes to the defendant, and that they were of the value of $100; that one Adolph Sviontek, who worked for the defendant at the time in question, got the clothes from plaintiff's apartment and took them to defendant's place of business.; that in collecting and delivering goods he drove a Ford truck, and that in the latter part of June, after these clothes had been cleaned and pressed, Sviontek received them for redelivery to Mr. More; that these clothes were, with other clothing, placed in the truck for delivery; that Sviontek made various stops to pick up other clothes; that he stopped the truck at No. 999 Lake Shore Drive and went into an apartment to deliver a suit; that the truck had an ignition lock, steering wheel lock, rear door lock which is worked from the inside by means of bolts, and a front door lock; that he locked the steering wheel and ignition lock and tried the rear door lock to see whether it was bolted, which it was; that he locked the front door lock, the front door separating the driver's seat from the back of the truck in which the goods for delivery were carried; that he had taken a suit of clothing into the building and was gone not more than five minutes; that on his return, the truck with all of the clothing, including that of the plaintiff, had disappeared; that defendant recovered the truck about a week later in the 2800 block North Halsted Street, Chicago, but did not recover the clothes; that when the truck was returned it appeared that the wheel lock had been opened and the front door lock damaged and opened; that he did not remember the make of the wheel lock.

The controlling question in this case is one of fact. It must be conceded as a matter of law that plaintiff proved a delivery of the clothing to defendant and the failure of the defendant to return the same. The burden of proof was thereby cast upon the defendant to show that he was not guilty of negligence proximately con-

tributing to the loss of the clothes.   That burden of proof, we hold, has not been met by the proof submitted in this case.   On the contrary, we are inclined to agree with the third division of this court, as held in *Erickson v. Graham & Daniel Co.*, 227 Ill. App. 390, that leaving a truck so being used unguarded in a public way for such length of time as here appears, in the city of Chicago, is, as a matter of fact, negligence.

As the cause was tried by the court and the evidence is uncontradicted, the judgment is reversed with a finding of facts and judgment here for the plaintiff in the sum of $100.

*Reversed with finding of facts and judgment here.*

O'CONNOR and McSURELY, JJ., concur.

Finding of facts:   We find as facts that plaintiff, Clair E. More, who is appellant in this court, delivered to Frank Fisher, defendant, who is appellee in this court, on or about May 20, 1925, in the city of Chicago, wearing apparel of the value of $100, for the purpose of having the same cleaned and pressed; that defendant was at that time engaged in the business of cleaning and dyeing clothes in the city of Chicago; that through the negligence of the defendant, by its servant, the clothes in question were lost and stolen, and the defendant is therefore liable to plaintiff for the said sum of $100.